PAULA TRIPP VICTOR (Bar No. 113050)
  ptv@amclaw.com
PETER B. RUSTIN (Bar No. 181734)
  pbr@amclaw.com
ANDERSON, McPHARLIN & CONNERS LLP
444 South Flower Street
Thirty-First Floor
Los Angeles, California 90071-2901
TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

**Attorneys for Defendant,
PEPPERDINE UNIVERSITY**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HALEY VIDECKIS and LAYANA WHITE, individuals,<br><br>        Plaintiffs,<br><br>vs.<br><br>PEPPERDINE UNIVERSITY, a corporation doing business in California,<br><br>        Defendant. | Case No. 2:15-CV-00298-DDP (JCx)<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT PEPPERDINE UNIVERSITY TO DISMISS THIRD, FOURTH AND FIFTH CAUSES OF ACTION OF THE THIRD AMENDED COMPLAINT AND PRAYER FOR PREJUDGMENT INTEREST PURSUANT TO FED.R.CIV.P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Proposed Order submitted concurrently]*<br><br>**Date:** July 20, 2015<br>**Time:** 10:00 a.m.<br>**Ctrm:** 3 |

**TO PLAINTIFFS HALEY VIDECKIS AND LAYANA WHITE, AND THEIR COUNSEL OF RECORD:**

      **PLEASE TAKE NOTICE** that on July 20, 2015, 2015 at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 3 of the above-captioned Court, located at 312 North Spring Street, Los Angeles, California, defendant Pepperdine University ("Pepperdine" or "the University") will and hereby does

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1321399.1 05764-048

move this Court to dismiss the Third, Fourth and Fifth Causes of Action of the Third Amended Complaint (the "TAC"), and its prayer for prejudgment interest, pursuant to Federal Rule of Civil Procedure ("FRCP") section 12(b)(6), on the grounds that these causes of action fail to state a claim upon which relief may be granted. Pepperdine makes this motion for the following reasons:

1.      The Third, Fourth and Fifth Causes of Action for Violation of Title IX must be dismissed because Title IX does not apply to claims based on sexual orientation discrimination.

2.      Plaintiffs have failed to allege facts to support their claim that they were harassed due to their failure to conform to gender stereotypes.  To the extent the Third, Fourth and Fifth Causes of Action depend upon this theory, they should be dismissed on this ground as well.

3.      The Third, Fourth and Fifth Causes of Action for Violation of Title IX should be dismissed as they are uncertain and not legally cognizable.

4.      The claim for prejudgment interest has no basis.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 15, 2015.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, all pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or other matters that may be presented to or considered by the Court prior to its ruling.

DATED:  June 9, 2015                    ANDERSON, McPHARLIN & CONNERS LLP


By: _____
        */s/ Paula Tripp Victor /s/*
                Paula Tripp Victor
                Peter B. Rustin
        Attorneys for Defendant,
        PEPPERDINE UNIVERSITY

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1321399.1 05764-048

NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT OF DEFENDANT
PEPPERDINE UNIVERSITY; MEMORANDUM OF POINTS AND AUTHORITIES

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES...........................................1

I.     INTRODUCTION AND NATURE OF THE CASE......................................1

     A.    Inappropriate Inquiry into the Plaintiffs' Personal Relationship ...........2

     B.    Discriminatory Statements about "Lesbianism" ...................................2

     C.    The Motion to Dismiss the First Amended Complaint ........................3

     D.    The Third Amended Complaint .........................................................4

II.    LEGAL ARGUMENT AND AUTHORITY.............................................4

     A.    Standard for Granting Motions Under Rule 12(b)(6)...........................4

     B.    The Third, Fourth and Fifth Causes of Action for Violation of Title IX Must Be Dismissed In Their Entirety Because Title IX Does Not Apply to Claims Based on Sexual Orientation Discrimination .........................................................................5

          1.    The Ninth Circuit Has Uniformly Held That Title VII and Title IX Do Not Apply to Claims Based on Sexual Orientation Discrimination.................................6

          2.    Federal Courts Have Universally Recognized That Title VII/Title IX Does Not Apply to Claims Arising from Sexual Orientation.................................9

          3.    The Cases Cited by this Court in its Order Do Not Support the Abrogation of the Unanimous Rule That Title IX Does Not Cover Sexual Orientation ...................................14

     C.    The Plaintiffs Have Failed to Allege Facts to Support Their Claim That They Were Harassed Due to Their Failure to Conform to Gender Stereotypes ........................................19

     D.    The Fifth Cause of Action Must Be Dismissed Because Plaintiffs Have Failed to Allege Any Actionable Retaliation Under Title IX .......................................................................22

     E.    The Third, Fourth and Fifth Causes of Action for Violation of Title IX Should Be Dismissed As They Are Uncertain and Not Legally Cognizable. ..............................................24

     F.    Prejudgment Interest Is Not Recoverable Herein ...............................25

III.   CONCLUSION ...........................................................................25

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1321399.1 05764-048

i

NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT OF DEFENDANT
PEPPERDINE UNIVERSITY; MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Beren v. Board of Trustees of California State University*,
  2007 WL 951272 (N.D. Cal. March 27, 2007) ....................................................8

*Berry v. Bailey*,
  2011 WL 1102826 (S.D. Ga. March 2, 2011) ....................................................13

*Bibby v. Philadelphia Coca Cola Bottling Co.*,
  260 F.3d 257 (3rd Cir. 2001) .............................................................................10

*Bill v. City of North Lauderdale*,
  2013 WL 1289165 (S.D. Fla. March 26, 2013) ..................................................11

*Bostick v. CVOCS, Inc.*,
  2014 WL 3809169 (M.D. Fla. Aug. 1, 2004) .....................................................13

*Breiner v. Nevada Department of Corrections*,
  610 F.3d 1202 (9th Cir. 2010).............................................................................20

*Cahill v. Liberty Mutual Insurance Company*,
  80 F.3d. 336 (9th Cir. 1996)..................................................................................4

*Chambers v. City of Berkley*
  2002 WL 433606 (N.D. Cal. Mar. 18, 2002)........................................................8

*Chrisanthis v. Nicholson*,
  2007 WL 2782860 (N.D. Cal. Sept. 27, 2007) .....................................................8

*Cunningham v. City of Arvada*,
  2012 WL 3590799 (D. Colo. June 12, 2012)................................................13, 23

*Davis v. Monroe County Board of Education*
  526 U.S. 629 (1999).............................................................................................24

*Davis v. Signius Investment Corp.*,
  2013 WL 1339758 (N.D. Ga. Feb. 26, 2013) ................................................13, 24

*Dawson v. Bumble & Bumble*,
  398 F.3d 211 (2nd Cir. 2005).........................................................................10, 21

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

*In re DeLorean Motor Co.*,
    991 F.2d 1236 (6th Cir. 1993) ..................................................................... 4, 19

*DeSantis v. Pacific Telephone and Telegraph Co., Inc.*,
    608 F.2d 327 (9th Cir. 1979) .................................................................. 6, 8, 12

*Doe v. Petaluma City School Dist.*,
    949 F. Supp.1415 (N.D. Cal. 1996) ................................................................ 5

*Dollinger v. New York State Ind. Fund*,
    2015 WL 1446892 (N.D.N.Y. March 30, 2015) ........................................ 10, 21

*Essary v. Federal Express Corp.*,
    161 Fed. Appx. 782 (10th Cir. 2006) ....................................................... 12, 23

*Etsitty v. Utah Transit Auth.*
    502 F.3d 1215 (10th Cir. 2007) ................................................................... 12

*Ferro v. Rhode Island Dept. of Trans.*,
    2 F. Supp. 3d 150, 156-57 (D. R.I. 2014) ....................................................... 9

*Fitzpatrick v. Winn-Dixie Montgomery, Inc.*,
    153 F. Supp.2d 1303 (M.D. Ala. 2001) ......................................................... 13

*Fox v. Shinseki*,
    2013 WL 403 4086 (N.D. Cal. Aug. 6, 2013) .................................................. 8

*Frasier v. Fairhaven School Comm.*,
    27 F.3d 52 (1st Cir. 2002) ............................................................................ 5

*Henderson v. Labor Finders of Virginia*
    2013 WL 1352158 (E.D. Va. April 2, 2013) .................................................. 11

*Higgins v. New Balance Shoe, Inc.*,
    194 F.3d 252 (1st Cir 1999) .......................................................................... 9

*Howell v. North Central College*,
    320 F. Supp.2d 717 (N.D. Ill. 2004) ...................................................... 3, 21, 22

*Iniguez v. Boyd Corp.*,
    2009 WL 2058529 (E.D. Cal. July 14, 2009) .............................................. 8, 9

*Jackson v. Birmingham Board of Education*,
    125 S. Ct. 1497 (2005) ............................................................................... 22

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT OF DEFENDANT
PEPPERDINE UNIVERSITY; MEMORANDUM OF POINTS AND AUTHORITIES

*Johnson v. Eckstrom*,
   2011 WL 5975039 (N.D. Cal. Nov. 29, 2011) ....................................................8

*Kelley v. Vaughn*,
   760 F. Supp. 161 (W.D. Mo. 1991) ..............................................................12

*Kiley v. ASCPA*,
   296 Fed. Appx. 107 (2d Cir. 2008) ........................................................10, 21

*Kindinger v. Boulder Station, Inc.*
   2007 WL 1796247 (D. Nev. June 19, 2007) ...................................................8

*King v. Super Service, Inc.*,
   68 Fed. Appx. 659 (6th Cir. 2003) ..............................................................11

*Kowalow v. Correctional Services Corp.*
   35 Fed. Appx. 344 (9th Cir. 2002) ...............................................................7

*Latta v. Otter*,
   771 F.3d 456 (9th Cir. 2014)..........................................................14, 17, 18

*Levine v. Diamanthuset, Inc.*,
   950 F.2d 1478 (9th Cir. 1991)......................................................................4

*Lipsett v. University of Puerto Rico*,
   864 F.2d 881 (1st Cir.1988) ........................................................................5

*Mabry v. State Bd. of Community Colleges and Occupational Educ.*,
   813 F.2d 311 (10th Cir.1987)........................................................................5

*Mansourian v. Regents*,
   602 F.3d 957 (9th Cir. 2010)......................................................................25

*McMullen v. Southern California Edison*,
   2008 WL 4948664 (C.D. Cal. Nov. 17, 2008)................................................20

*Medina v. Income Support Division*,
   413 F.3d 1131 (10th Cir. 2005) ..................................................................12

*Milot v. Maxx*,
   2015 WL 770250 (S.D. Ohio Feb. 13, 2015)................................................12

*Mims v. Carrier Corp.*,
   88 F. Supp. 2d 706 (E.D. Tex. 2000)............................................................11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

iv

*Montgomery v. Independent School Dist.*,
   109 F. Supp.2d 1081 (D. Minn. 2000)................................................................18

*New Haven Bd. of Educ. v. Bell*,
   456 U.S. 512 (1982)......................................................................................5

*Nichols v. Azteca Restaurant Enterprises, Inc.*,
   256 F.3d 864 (9th Cir. 2001)......................................................................6, 20

*Oona R.-S v. McCaffrey*,
   143 F.3d 473 (9th Cir. 1998)............................................................................5

*Pambianci v. Arkansas Tech Univ.*,
   2015 WL 1399695 (E.D. Ark. March 26, 2015)..........................................12

*Papelino v. Albany College*,
   633 F.3d 81 (2d Cir. 2011)..............................................................................5

*Preston v. Commonwealth of Virginia ex rel. New River Community
   College*,
   31 F.3d 203 (4th Cir.1994)..............................................................................5

*Price Waterhouse v. Hopkins*,
   109 S. Ct. 1775 (1989)........................................................................6, 19, 20

*Prowel v. Wise Business Forms*,
   579 F.3d 285 (3rd Cir. 2009)........................................................................11

*Reese v. Jefferson School Dist.*,
   208 F.3d 736 (9th Cir. 2000)........................................................................25

*Rene v. MGM Grand Hotel, Inc.*,
   305 F.3d 1061 (9th Cir. 2002)........................................................6, 7, 8, 9, 12

*Richardson v. BFI Waste Systems of North America, Inc.*,
   232 F.3d 207 (5th Cir. 2000)(per curiam) ....................................................11

*Robertson v. Siouxland Comm. Health Ctr.*,
   938 F. Supp. 831 (N.D. Iowa 2013) ..............................................................12

*Simonton v. Runyon*,
   232 F.3d 33 (2d Cir. 2000)......................................................................10, 21

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1321399.1 05764-048

v

*SmithKline Beecham Corp. v. Abbott Labs*,
   740 F.3d 471 (9th Cir. 2014)................................................................ 14, 16, 17

*Stevens v. Alabama Dept. of Corrections*
   2015 WL 1245355 (N.D. Ala. March 18, 2015)...................................13

*Vickers v. Fairfield Medical Center*,
   453 F.3d 757 (6th Cir. 2006)...............................................................12

*Voyles v. Ralph K. Davies Medical Center*
   403 F. Supp. 456 (N.D. Cal. 1975)........................................................7

*Walters v. BG Foods, Inc.*
   2015 WL 1926224 (E.D. Tex. April 25, 2015)....................................11

*Wells v. Board of Trustees*,
   2006 WL 2583679 (N.D. Cal. Sept. 7, 2006) ...............................22, 23

*Western Mining Council v. Watt*,
   643 F.2d 618 (9th Cir. 1981)..........................................................4, 19

*Williamson v. A.G. Edwards and Sons, Inc.*,
   876 F.2d 69 (8th Cir. 1989)................................................................12

*United States v. Windsor*
   133 S. Ct. 2675 (2013)..................................................... 14, 15, 16, 18

*Wrightson v. Pizza Hut of America, Inc.*,
   99 F.3d 138 (4th Cir. 138)..................................................................11

**Federal Statutes**

20 U.S.C. § 1681(a) ...............................................................................5

Federal Rules of Civil Procedure, Rule 12(b)(6) ............................4, 19

**State Statutes**

Civil Code § 51 (Unruh Civil Rights Act)....................................4, 15, 19

**Other Authorities**

125 Am. Jur. Trials 247, at 16 (December 2014) ...................................14

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1321399.1 05764-048

NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT OF DEFENDANT
PEPPERDINE UNIVERSITY; MEMORANDUM OF POINTS AND AUTHORITIES

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION AND NATURE OF THE CASE

Plaintiffs Haley Videckis and Layana White are former participants on the Pepperdine women's basketball team.  The Third Amended Complaint ("TAC") is yet another attempt[1] to articulate viable Title IX claims for sexual orientation discrimination despite unanimous and universal authority holding that Title IX does not apply to such claims.  Knowing Title IX's inapplicability to sexual orientation discrimination, the plaintiffs now disingenuously base their Title IX claims in part on their purported failure to conform to stereotypical views of females, something which Title IX does prohibit.  The problem, however, is that the facts which allegedly support their discrimination claims have nothing to do with gender stereotyping and, therefore, they cannot escape the conclusion that Title IX affords them no relief in this case.

The plaintiffs, who now admit to being in a dating relationship (TAC, ¶¶ 20, 40), base their claims on an unfounded belief that Coach Ryan Weisenberg and his staff targeted them in an attempt to remove them from the team because of their dating relationship.  (TAC, ¶ 17.)  Allegedly, their belief is supported by:  (1) inappropriate inquiries into their personal relationship (TAC, ¶¶ 21-23; 25-26); (2) statements about "lesbianism" (TAC, ¶ 27); (3) improper requests for their medical records (TAC, ¶¶ 47, 54); (4) unfair punishment for minor violations (TAC, ¶ 45); (5) refusal to permit the plaintiffs to attend basketball practice due to injury or

---

[1] The plaintiffs originally filed their action in state court alleging three causes of action based on violation of privacy, violation of the California Education Code and violation of Title IX.  Pepperdine removed the case to this Court, and then, in the face of a motion to dismiss, the plaintiffs proposed various amended complaints and ultimately filed a First Amended Complaint, then a Second Amended Complaint following the partial granting of a motion to dismiss, and now the Third Amended Complaint pursuant to stipulation of the parties.

1321399.1 05764-048

1

NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT OF DEFENDANT
PEPPERDINE UNIVERSITY; MEMORANDUM OF POINTS AND AUTHORITIES

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1  insufficient medical clearance (TAC, ¶¶ 47, 62); and (6) refusal to process White's

2  appeal to the NCAA (TAC, ¶ 36).

3       A.      **Inappropriate Inquiry into the Plaintiffs' Personal Relationship**

4       Simply stated, there was no inappropriate inquest into the plaintiffs'

5  relationship.  Indeed, the plaintiffs acknowledge in their TAC that the alleged

6  inquiries into their relationship stemmed not from some prurient interest of Coach

7  Ryan or other supporting Pepperdine staff members, but because of concerns that

8  their relationship was adversely affecting team dynamics and performance. (TAC,

9  ¶¶ 17, 27, 37.)  Further, the TAC again alleges that Coach Ryan said that "[M]y staff

10  doesn't gossip.  And gossip is what gets people fired."  (TAC, ¶ 43.)  Pepperdine

11  submits that not only are the allegations as to the alleged intrusion into the plaintiffs'

12  personal lives untrue, any inquiries that were made were necessitated by complaints

13  from members of the basketball team about Videckis and White.  These complaints

14  involved the plaintiffs' "drama," a tension between them and their teammates, and

15  about them separating from the team.  As such, Coach Ryan's inquiries, if any,

16  resulted from an effort to better understand the dynamics that were causing a

17  perceived schism on the team, not to intrude upon the plaintiffs' privacy as to their

18  sexual orientation or the nature of their relationship.

19       B.      **Discriminatory Statements about "Lesbianism"**

20       This assertion is also untrue.  Coach Ryan did not make any discriminatory

21  statements about lesbians, gays, bisexuals or transgenders.  This allegation appears

22  to have stemmed from a meeting Coach Ryan had with several members of the

23  team's leadership group, including the plaintiffs.  In the spring, 2014, Coach Ryan

24  began a Leadership Council, on which he placed Videckis, White and four other

25  players.  The purpose of this Council was to foster a cohesive and supportive team

26  and to develop and discuss the team's "Core Covenants."  (TAC, ¶¶ 24, 27.)  The

27  plaintiffs again allege that Coach Ryan made the following statement in one of the

28  Leadership Council meetings:  "When I was coaching for the LA Sparks, two of our

players were dating and they broke up in season.  That was the reason our team fell apart and lost."  (TAC, ¶ 37, p. 11, lines 9-11.)  This statement, even if made, does not support the plaintiffs' contention that Coach Ryan was against same-sex relationships.  Rather, such a statement would further his hope and vision for a unified team, where off-court issues like dating, *whether homosexual or heterosexual,* which could lead to distractions, would be left behind before entering the locker room, training facilities, or game.

## C.   The Motion to Dismiss the First Amended Complaint

In its motion to dismiss Plaintiffs' First Amended Complaint, Pepperdine argued, *inter alia*, that the cause of action for violation of Title IX must be dismissed in its entirety because Title IX does not apply to claims based on sexual orientation discrimination.  In their Opposition to the Motion to Dismiss, the plaintiffs **concurred** with Pepperdine's discussion of Title IX, and **agreed** that Title IX is only directed toward discrimination on account of gender.  The plaintiffs requested leave to amend their Title IX claim because "Plaintiffs' investigation has confirmed that the University, and in particular Coach Ryan, hold stereotypical views of women athletes, and their sexual orientation …."  (Doc. 20 at p. 6.)  Citing *Howell v. North Central College*, 320 F. Supp.2d 717 (N.D. Ill. 2004), the plaintiffs sought leave to add claims for "discrimination directed towards stereotyped gender roles, [which] fall under the auspices of Title IX."  (ECF Doc. 20, at p. 6.)

In its Order granting in part and denying in part the Motion to Dismiss (ECF Doc. 25) ("Order"), this Court dismissed the Title IX claim with leave to amend, and suggested that recent case law from the Supreme Court and the Ninth Circuit indicates that the bounds of Title IX may not be so narrow as to exclude sexual orientation claims from the purview of Title IX.  The Court noted that the "law is rapidly developing and far from settled insofar as determining where sexual orientation discrimination lies within the framework of gender-based discrimination."  (Order at p. 16.)  The Court indicated its disinclination "to give

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

3

weight to older out-of-circuit cases that make a categorical distinction between gender-based discrimination and sexual orientation discrimination." (Order at p. 17.) The Court permitted the plaintiffs to amend by adding a claim for gender stereotyping, despite noting that "the line between discrimination based on gender stereotyping and discrimination based on sexual orientation is blurry, at best …."

### D.   The Third Amended Complaint

The plaintiffs filed a Second Amended Complaint following the Court's Order but the parties' meet and confer session resulted in the filing of a Third Amended Complaint pursuant to stipulation. The TAC contains the same first two claims that were pled in the FAC but it inexplicably splits the third claim for Violation of Title IX into three separate claims. While Pepperdine contends this is improper, the primary focus of the present Motion is on its belief that the plaintiffs simply may not maintain **any** Title IX claim under the facts alleged. The TAC also adds two additional claims for Violation of the California Civil Code Section 51 (Unruh Civil Rights Act) and Intentional Infliction of Emotional Distress. Pepperdine contends these claims have no merit but has elected not to challenge them in the instant Motion.

## II.   LEGAL ARGUMENT AND AUTHORITY

### A.   Standard for Granting Motions Under Rule 12(b)(6)

Where it appears from its face that a complaint fails to state a claim upon which relief may be granted, a motion to dismiss under Rule 12(b)(6) must be granted. Fed.R.Civ.P. 12(b)(6); *Cahill v. Liberty Mutual Insurance Company*, 80 F.3d. 336, 338 (9th Cir. 1996); *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1482, 1483 (9th Cir. 1991).

In deciding a Rule 12(b)(6) motion, the Court need not accept conclusory allegations, legal characterizations, unreasonable inferences, or unwarranted deductions of fact as true. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT OF DEFENDANT PEPPERDINE UNIVERSITY; MEMORANDUM OF POINTS AND AUTHORITIES

**B.** **The Third, Fourth and Fifth Causes of Action for Violation of Title IX Must Be Dismissed In Their Entirety Because Title IX Does Not Apply to Claims Based on Sexual Orientation Discrimination**

Title IX, at 20 U.S.C. § 1681(a) provides: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." The purpose of Title IX, as originally conceived, was "banning discrimination against women in the field of education." *New Haven Bd. of Educ. v. Bell,* 456 U.S. 512, 523 (1982).

It is well settled that courts look to Title VII precedent to inform their analysis of sexual discrimination claims under Title IX. *See, e.g., Oona R.-S v. McCaffrey,* 143 F.3d 473, 476-77 (9th Cir. 1998); *Papelino v. Albany College,* 633 F.3d 81, 91 (2d Cir. 2011); *Doe v. Petaluma City School Dist.,* 949 F. Supp.1415, 1421 (N.D. Cal. 1996) (citing *Preston v. Commonwealth of Virginia ex rel. New River Community College,* 31 F.3d 203, 206 (4th Cir.1994); *Lipsett v. University of Puerto Rico,* 864 F.2d 881, 896–97 (1st Cir.1988); *Mabry v. State Bd. of Community Colleges and Occupational Educ.,* 813 F.2d 311, 316 n. 6 (10th Cir.1987), *cert. denied,* 484 U.S. 849, 108 S. Ct. 148, 98 L.Ed.2d 104 (1987)).

The plaintiffs' claim for violation of Title IX is based upon alleged disparate treatment, harassment, and retaliation due merely to the plaintiffs' sexual orientation. (TAC, ¶¶ 17, 18, 19, 137 and 147.) Many courts have squarely held, however, that **discrimination on the basis of sex** is a *sine qua non* of a Title IX sexual harassment case, and a failure to plead that element is fatal. *Frasier v. Fairhaven School Comm.,* 27 F.3d 52, 66 (1st Cir. 2002).

In its Order, this Court noted that the cases referred to by the parties in support of the proposition that Title IX does not cover sexual orientation discrimination are out-of-circuit cases from the Seventh Circuit. (Order at p. 15.) Although it is true that the Seventh Circuit has squarely recognized that Title VII does not cover claims based upon sexual orientation, this rule has been **universally**

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1  adopted by federal circuit and district courts around the nation.  The federal courts

2  (including the Ninth Circuit) have unanimously held, in a multitude of cases, that

3  discrimination on the basis of sexual orientation is not gender discrimination, and is

4  not actionable under Title VII or Title IX.

5        **1.**    **The Ninth Circuit Has Uniformly Held That Title VII and**

6                   **Title IX Do Not Apply to Claims Based on Sexual**
                 **Orientation Discrimination**

7        For approximately 40 years, the Ninth Circuit Court of Appeal and district

8  courts within the circuit have recognized that Titles VII and IX do not prohibit

9  discrimination on the basis of sexual preference.  The earliest Ninth Circuit decision

10  addressing the issue is *DeSantis v. Pacific Telephone and Telegraph Co., Inc.*, 608

11  F.2d 327 (9th Cir. 1979).  In *DeSantis*, male and female homosexuals sued under

12  Title VII, claiming that they had been discriminated against in employment

13  decisions because of their homosexuality.  The Court squarely held that "Title VII's

14  prohibition of 'sex' discrimination applies only to discrimination on the basis of

15  gender and should not be judicially extended to include sexual preference such as

16  homosexuality."  *Id.* at 329-30.  The Ninth Circuit recognized, as have many courts,

17  the distinction between gender on the one hand and sexual orientation on the other

18  for purposes of determining whether Title VII applies.[2]

19        The inapplicability of sexual orientation to Titles VII/IX claims was

20  emphasized in *Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061 (9th Cir. 2002). The

21  Ninth Circuit held that severe or pervasive unwelcome physical conduct of a sexual

22        _____

23  [2] The *DeSantis* court held, in a separate section of its decision, that Title VII did not

24  prohibit discrimination because of effeminacy or sexual stereotypes.  (608 F.2d at
331-32.) The Ninth Circuit abrogated this portion of *DeSantis* in *Nichols v. Azteca*

25  *Restaurant Enterprises, Inc.*, 256 F.3d 864 (9th Cir. 2001) after *Price Waterhouse v.*

26  *Hopkins*, 109 S. Ct. 1775 (1989), where the Supreme Court held that discrimination
arising out of sex stereotypes were actionable. The *Nichols* court **did not**, however,

27  overrule *DeSantis'* holding that Title VII does not protect sexual orientation.

28

1321399.1 05764-048

6
NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT OF DEFENDANT
PEPPERDINE UNIVERSITY; MEMORANDUM OF POINTS AND AUTHORITIES

nature directed at a gay man was protected under Title VII.  *Id.* at 1068.  The Court, however, made clear that its decision was not based merely upon the employee's sexual orientation:

> We would hold that an employee's sexual orientation is irrelevant for purposes of Title VII.  It **neither provides** nor precludes a cause of action for sexual harassment.  That the harassers is, or may be, motivated by **hostility based on sexual orientation is simply irrelevant,** and **neither provides** nor precludes a cause of action.

*Id.* at 1063-64 (emphasis added).

This language is consistent with well-established jurisprudence holding that Titles VII/IX do not protect against harassment based on sexual orientation.  *Accord, Kowalow v. Correctional Services Corp.* 35 Fed. Appx. 344, 349 (9th Cir. 2002).

District courts in the Ninth Circuit have also unanimously held that Titles VII/IX do not apply to claims based upon sexual preference or orientation.  In *Voyles v. Ralph K. Davies Medical Center* 403 F. Supp. 456 (N.D. Cal. 1975), the Court squarely recognized that Title VII,

> "speaks of discrimination on the basis of one's 'sex.'  No mention is made of change of sex or of sexual preference. .... Furthermore, even the most cursory examination of the legislative history surrounding passage of Title VII reveals that Congress' paramount, if not sole, purpose in banning employment practices predicated upon an individual's sex was to prohibit conduct which, had the victim been a member of the opposite sex, would not have otherwise occurred.  Situations involving transsexuals, homosexuals or bisexuals were simply not considered, and from this void the Court is not permitted to fashion its own judicial interdictions."  *Id.* at 457.

The *Voyles* court also recognized that legislation had been introduced, as early as 1975, to amend Title VII to include "affectional or sexual preference" as a protected  class,  but noted that Congress did not intend for Title VII to apply to sexual preference. *Id.*  *Voyles* appears to still be good law in the Ninth Circuit and, therefore, Pepperdine contends that regardless of its vintage, it is precedent.

This Court suggested that it was disinclined to give weight to older cases

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1   distinguishing between gender-based and sexual orientation discrimination for

2   purposes of Title IX.  (Order at p. 17.)  **Recent** case law, however, has uniformly

3   found that discrimination on the basis of sexual orientation is not actionable, in

4   contrast to discrimination arising from gender stereotyping.  For example, in *Fox v.*

5   *Shinseki*, 2013 WL 403 4086 (N.D. Cal. Aug. 6, 2013), the court granted summary

6   judgment on a Title VII claim, squarely holding that "discrimination based on

7   sexual orientation alone, unlike gender, is not actionable under Title VII."  The *Fox*

8   court recognized that although gender stereotyping was actionable, "discrimination

9   on the basis of sexual orientation alone is not."  *Id.* at 6 (citing *Rene v. MGM Grand*

10  *Hotel, Inc.* 305 F.3d 1061, 1063 (9th Cir. 2002)).

11       The district courts in the Ninth Circuit have, recently and historically, reached

12  identical conclusions.  *See, e.g.*, *Johnson v. Eckstrom*, 2011 WL 5975039 at 5 (N.D.

13  Cal. Nov. 29, 2011)( "Neither Title VII, nor any other federal law protects against

14  discrimination on the basis of sexual orientation"); *Beren v. Board of Trustees of*

15  *California State University,* 2007 WL 951272 at n. 3 (N.D. Cal. March 27, 2007)

16  (Title IX "does not … prohibit discrimination on the basis of sexual orientation,

17  rather, only on the 'basis of sex'"); *Chrisanthis v. Nicholson*, 2007 WL 2782860

18  (N.D. Cal. Sept. 27, 2007) (Title VII claim of discrimination based on sexual

19  orientation dismissed because Title VII does not cover discrimination based on

20  sexual orientation); *Chambers v. City of Berkley* 2002 WL 433606 (N.D. Cal. Mar.

21  18, 2002) (discrimination on the basis of sexual orientation does not subject an

22  employer to liability under Title VII); *Kindinger v. Boulder Station, Inc.* 2007 WL

23  1796247 (D. Nev. June 19, 2007) (Title VII does not prohibit discrimination based

24  on sexual orientation)(citing *DeSantis v. Pacific Tel. & Tel. Co., Inc.*, 608 F.2d 327,

25  329-30 (9th Cir. 1979)).

26       *Iniguez v. Boyd Corp.,* 2009 WL 2058529 (E.D. Cal. July 14, 2009)

27  accurately reflects the current state of the law in the Ninth Circuit.  In *Iniguez*, the

28  plaintiff claimed that the defendant discriminated against him based on his sexual

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT OF DEFENDANT
PEPPERDINE UNIVERSITY; MEMORANDUM OF POINTS AND AUTHORITIES

orientation, and brought suit under Title VII.  The District Court granted a motion to

dismiss, citing *Rene v. MGM Grand Hotel, Inc.* 305 F.3d 1061, 1063-64 (9th Cir.

2002).  The District Court recognized that "other circuits facing these issues have

held that Title VII does not prohibit discrimination based on sexual orientation."

2009 WL 2058529 at 7.  These Ninth Circuit cases are clear and unanimous that

Titles VII and IX do not protect discrimination on the basis of sexual orientation.

**2.   Federal Courts Have Universally Recognized That Title VII/Title IX Does Not Apply to Claims Arising from Sexual Orientation**

It is a rarity to find an issue upon which the courts throughout the United

States have reached consensus.  Title VII and Title IX's inapplicability to

discrimination based on sexual orientation, however, is one such issue.  The Seventh

Circuit cases cited in Pepperdine's Motion to Dismiss the First Amended Complaint

are not anomalies, isolated to one federal circuit.  Rather, they reflect judicial

consensus from virtually **every** circuit. The cases below are representative of the

national consensus on the issue:

- First Circuit

*Higgins v. New Balance Shoe, Inc.,* 194 F.3d 252, 259 (1st Cir 1999) (Court

notes that it rejects "sexual orientation; it is a noxious practice, deserving of censure

and opprobrium.  But we are called upon here to construe a statute as glossed by the

Supreme Court, not to make a moral judgment—and we regard it as settled law that,

as drafted and authoritatively construed, Title VII does not proscribe harassment

simply because of sexual orientation.")

*Ferro v. Rhode Island Dept. of Trans.*, 2 F. Supp. 3d 150, 156-57 (D. R.I.

2014) (Title VII does not protect against employment discrimination based on

sexual orientation, even if a plaintiff is heterosexual.  Title VII "protects

heterosexuals no more than it protects homosexuals."  The court noted that the

plaintiff still had state law remedies available.)  *Id.*, n. 8.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1321399.1 05764-048

9

NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT OF DEFENDANT
PEPPERDINE UNIVERSITY; MEMORANDUM OF POINTS AND AUTHORITIES

- Second Circuit

*Simonton v. Runyon*, 232 F.3d 33, 35-36 (2d Cir. 2000) ("We regard it as settled law that, as drafted and authoritatively construed, Title VII does not proscribe harassment simply because of sexual orientation."  The Court relied, *inter alia*, upon "Congress's rejection, on numerous occasions, of bills that would have extended Title VII's protection to people based on their sexual preferences…. Congress's refusal to expand the reach of Title VII is strong evidence of congressional intent in the face of consistent judicial decisions refusing to interpret 'sex' to include sexual orientation.")

*Dawson v. Bumble & Bumble*, 398 F.3d 211, 217-18 (2nd Cir. 2005) ("The law is well-settled in this circuit and in all others to have reached the question that … Title VII does not prohibit harassment or discrimination because of sexual orientation … [Plaintiff's case fails because] statute does not recognize homosexuals as a protected class.")

*Kiley v. ASCPA*, 296 Fed. Appx. 107, 109 (2d Cir. 2008) ("Law is well settled in this circuit and all others to have reached the question that no cause of action under Title VII because Title VII does not prohibit harassment or discrimination because of sexual orientation."  Court notes "based on numerous bills attempting to extend Title VII protection to sexual orientation … Congress did not intend to include sexual orientation in Title VII's current form.")

*Dollinger v. New York State Ind. Fund*, 2015 WL 1446892 at 4 (N.D.N.Y. March 30, 2015) ("Sexual orientation is not included in statutory protected class" of Title VII).

- Third Circuit

*Bibby v. Philadelphia Coca Cola Bottling Co.*, 260 F.3d 257, 260-61 (3rd Cir. 2001) ("Title VII provides no protection from discrimination on the basis of sexual orientation."  Court notes that "Congress has repeatedly rejected legislation that would have extended Title VII to cover sexual orientation.").

1  *Prowel v. Wise Business Forms*, 579 F.3d 285, 293 (3rd Cir. 2009).  (Sexual

2  orientation discrimination not cognizable under Title VII. "Given Congress's

3  repeated rejection of legislation that would have extended Title VII to cover sexual

4  orientation … we cannot accept [plaintiff's] invitation to hold that he was

5  discriminated against … by virtue of his homosexuality.")

6     •   Fourth Circuit

7  *Henderson v. Labor Finders of Virginia*, 2013 WL 1352158 at 4 (E.D. Va.

8  April 2, 2013) ("There is no question that Title VII does not afford a cause of action

9  for discrimination based on sexual orientation" (citing *Wrightson v. Pizza Hut of

10  America, Inc.*, 99 F.3d 138 (4th Cir. 138)).

11     •   Fifth Circuit

12  *Richardson v. BFI Waste Systems of North America, Inc.*, 232 F.3d 207 (5th

13  Cir. 2000)(per curiam) ("Title VII does not prohibit discrimination on the basis of

14  sexual orientation.")

15  *Bill v. City of North Lauderdale*, 2013 WL 1289165, n. 3 (S.D. Fla. March 26,

16  2013) ("Sexual orientation is not protected by Title VII.")

17  *Mims v. Carrier Corp.*, 88 F. Supp. 2d 706, 714 (E.D. Tex. 2000) ("Neither

18  sexual orientation nor perceived sexual orientation constitute protected classes under

19  the Civil Rights Act.")

20  *Walters v. BG Foods, Inc.* 2015 WL 1926224 (E.D. Tex. April 25, 2015)

21  ("Neither sexual orientation nor perceived sexual orientation constitute protected

22  classes under the Civil Rights Act"; complaints of discrimination on the basis of

23  actual or perceived sexual preference/orientation not cognizable under Title VII.)

24     •   Sixth Circuit

25  *King v. Super Service, Inc.*, 68 Fed. Appx. 659, 664 (6th Cir. 2003)

26  (Animosity directed toward plaintiff because of his apparent sexual orientation is

27  different from discrimination on the basis of sex, and not actionable under Title

28  VII.)

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1321399.1 05764-048

11

NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT OF DEFENDANT
PEPPERDINE UNIVERSITY; MEMORANDUM OF POINTS AND AUTHORITIES

1    *Vickers v. Fairfield Medical Center*, 453 F.3d 757, 762 (6th Cir. 2006)

2    ("Sexual orientation is not a prohibited basis for discriminatory acts under Title VII

3    (citing *Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1063 (9th Cir 2002))).

4    *Milot v. Maxx*, 2015 WL 770250 (S.D. Ohio Feb. 13, 2015) (claim for

5    discrimination based on [plaintiff's] "sexual orientation is not actionable under Title

6    VII").

7    •    Eighth Circuit

8    *Williamson v. A.G. Edwards and Sons, Inc.*, 876 F.2d 69 (8th Cir. 1989)

9    ("Title VII does not prohibit discrimination against homosexuals.") (Citing *DeSantis*

10    *v. Pacific Tel. & Tel. Co.*, 608 F.2d 327 (9th Cir. 1979).)

11    *Pambianci v. Arkansas Tech Univ.*, 2015 WL 1399695 at 8 (E.D. Ark. March

12    26, 2015) ("Title VII does not prohibit employment discrimination or harassment on

13    the basis of sexual orientation.")

14    *Robertson v. Siouxland Comm. Health Ctr.*, 938 F. Supp. 831, 841 (N.D. Iowa

15    2013) (Title VII not construed to permit claim based on sexual orientation; plaintiff

16    permitted to proceed under state law claims).

17    *Kelley v. Vaughn*, 760 F. Supp. 161, 163 (W.D. Mo. 1991) ("The term 'sex'

18    as it is used in [Title VII] refers to gender, not to sexual orientation … because

19    homosexuality pertains to sexual preference, and not to gender, Title VII does not

20    prohibit discrimination against homosexuals.")

21    •    Tenth Circuit

22    *Etsitty v. Utah Transit Auth.*, 502 F.3d 1215, 1222 (10th Cir. 2007) (Tenth

23    Circuit has explicitly declined to extend Title VII protections to discrimination

24    based on a person's sexual orientation.)

25    *Essary v. Federal Express Corp.*, 161 Fed. Appx. 782, 786 (10th Cir. 2006)

26    (Sexual orientation discrimination is not a recognized cause of action under Title VII.)

27    *Medina v. Income Support Division*, 413 F.3d 1131, 1135 (10th Cir. 2005)

28    ("Title VII protections … do not extend to harassment due to a person's sexuality …

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

12

1  Congress has repeatedly rejected legislation that would have extended Title VII to

2  cover sexual orientation.")

3       *Cunningham v. City of Arvada*, 2102 WL 3590799 at 4 (D. Colo. June 12,

4  2012) (well established that Tenth Circuit has "explicitly declined to extend Title

5  VII's protections to discrimination based on a person's sexual orientation … any

6  complaint that alleges discrimination on the basis of sexual orientation in the work

7  place under Title VII does not state a valid claim.")

8       • Eleventh Circuit

9       *Stevens v. Alabama Dept. of Corrections*, 2015 WL 1245355 at 7 (N.D. Ala.

10  March 18, 2015) ("Courts within the Eleventh Circuit have consistently rejected

11  Title VII claims where the complaints were based on discrimination that arose from

12  the plaintiff's sexual orientation or perceived sexual orientation.  …  There is no

13  support for plaintiff's claim that Title VII gives rise to protection for discrimination

14  based upon a supervisor's perception that she is a lesbian.")

15       *Bostick v. CVOCS, Inc.,* 2014 WL 3809169, at 5 (M.D. Fla. Aug. 1, 2004)

16  (Courts in Eleventh Circuit "and across the country have consistently held that Title

17  VII does not apply to discrimination claims based on sexual orientation.")

18       *Davis v. Signius Investment Corp.*, 2013 WL 1339758, at 5 (N.D. Ga. Feb. 26,

19  2013) ("Title VII does not protect employees from discrimination based on sexual

20  orientation.")

21       *Berry v. Bailey*, 2011 WL 1102826, at 1 (S.D. Ga. March 2, 2011) ("Case law

22  throughout the circuits consistently holds that Title VII provides no protection for

23  discrimination based on sexual orientation.")

24       *Fitzpatrick v. Winn-Dixie Montgomery, Inc.*, 153 F. Supp.2d 1303, 1306

25  (M.D. Ala. 2001) ("Sexual orientation is not a protected class under Title VII.")

26       These authorities, from 2015 through the past decades, confirm the Ninth

27  Circuit's holdings that sexual orientation is not a protected class under Titles VII or

28  IX.  This Court should, therefore, in the face of this universal and well-settled

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT OF DEFENDANT
PEPPERDINE UNIVERSITY; MEMORANDUM OF POINTS AND AUTHORITIES

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1   precedent, hold accordingly.  *See generally*, "Sexual Orientation and Gender

2   Identity Discrimination in Employment," 125 Am. Jur. Trials 247, at 16 (December

3   2014) ("Title VII has never been held to apply to discrimination based on sexual

4   orientation.")

5   **3.    The Cases Cited by this Court in its Order Do Not Support
         the Abrogation of the Unanimous Rule That Title IX Does
6         Not Cover Sexual Orientation**

7        In its Order, this Court cited *United States v. Windsor*, 133 S. Ct. 2765, 2696

8   (2013); *SmithKline Beecham Corp. v. Abbott Labs*, 740 F.3d 471, 483 (9th Cir. 2014)

9   and *Latta v. Otter*, 771 F.3d 456, 479-95 (9th Cir. 2014) in support of the theory that

10  Title IX encompassed sexual orientation discrimination.  Although these cases

11  demonstrate a judicial trend toward extending *constitutional protections* to

12  discrimination arising out of sexual orientation, they are inapposite to the Title IX

13  claims in the case at bar.

14       • *Windsor*

15       The first case cited was *United States v. Windsor*, 133 S. Ct. 2675, 2696

16  (2013).  In *Windsor*, the surviving spouse of a same-sex couple sought to claim the

17  federal estate tax exemption for survivor spouses, but was unable to do so because

18  the Defense of Marriage Act ("DOMA") excluded a same-sex partner from the

19  definition of "spouse" as that term is used in federal statutes.  The Supreme Court

20  found DOMA to be unconstitutional because it violated the Fifth Amendment's due

21  process clause and equal protection guarantees.

22       Critical to the decision in *Windsor*, however, were several concerns that are

23  absent from the case at bar.  First, the Supreme Court emphasized that "the

24  recognition of civil marriages is central to state domestic relations law applicable to

25  its residents and citizens." *Id.* at 2691.  Therefore, considerations of the states' role

26  in establishing domestic relations law were of paramount importance to the Court,

27  but no such issues exist in the instant case.  Similarly, the Court also noted that

28  consistent with this allocation of authority, "the Federal Government, through our

history, has deferred to state law policy decisions with respect to domestic relations." *Id.* Again, no state policy issues are implicated here.[3]

The Court was also troubled that DOMA "rejects the long-established precept that the incidents, benefits, and obligations of marriage are uniform for all married couples within each State, though they may vary, subject to guarantees, from one State to the next." *Id.* at 2692.  With this in mind, the Court emphasized that the "State's power in defining the marital relation is of central relevance in this case quite apart from principles of federalism.  Here the State's decision to give this class of persons the right to marry conferred upon them a dignity and status of immense import." *Id.*  The Court rejected DOMA because it "seeks to injure the very class New York seeks to protect.  By doing so it violates basic due process and equal protection principles applicable to the Federal Government." *Id.* at 2693.  Again, these precepts have no relevance to the instant case as there has been no protection established at the state level that has been harmed by federal law.

The *Windsor* Court concluded that DOMA "is invalid, for no legitimate purpose overcomes the purpose and effect to disparage and to injure those whom the State, by its marriage laws, sought to protect in personhood and dignity.  By seeking to displace this protection and treating those persons as living in marriage as less respected than others, the federal statute is in violation of the Fifth Amendment. *This opinion and its holding are confined to those lawful marriages." Id.* at 2696 (emphasis added).

_____

[3] In fact, the State of California has spoken on this issue of gay marriage as well as discrimination based on sexual orientation and has provided adequate relief.  This is why the TAC contains state law claims based on the California Education Code and the Unruh Civil Rights Act.  While the Federal government has not been willing to change the law on this subject, the State of California does offer these protections.  **Thus, if the plaintiffs' claims have any merit, they must be judged under those statutes, not Title IX.**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1321399.1 05764-048

The instant Court focused upon this last quote in its Order, but as laudable as the Supreme Court's decision might be, it does not apply to the instant case for several reasons. First, this case does not involve issues of federal and state conflicts over traditionally state-governed issues such as marriage and family, considerations that were at the core of *Windsor*. The fact that Title IX is silent on the issue of sexual orientation does not affect the State's laws that do provide protection for sexual orientation discrimination. Second, the instant case does not involve the Fifth Amendment. Rather, this Court is interpreting a statute enacted by Congress, drafted with limited language specifically confining the statute's ambit to, *inter alia*, sex. Finally, the Supreme Court specifically noted that the opinion and its holding are confined to lawful marriages sanctioned by the various states. Thus, this Court's citing *Windsor* as precedent to expand the reach of Title IX is contrary to the explicit language and is an overly expansive reading of that case, and is contrary to the universal judicial view that sexual orientation is not within the purview of Titles VII/IX.

- *SmithKline Beecham*

Next, this Court cited *SmithKline Beecham Corp. v. Abbott Labs*, 740 F.3d 471 (9th Cir. 2014) to support its Order that perhaps Title IX should be expanded to include sexual orientation discrimination. In *SmithKline*, the Ninth Circuit held that the exclusion of a juror because of his sexual orientation violated the long-recognized prohibition against discrimination in juror selection. Noting that the *Windsor* court never articulated the level of scrutiny it applied to the equal protection claim at issue there, the Ninth Circuit concluded that "*Windsor* requires that heightened scrutiny be applied to equal protection claims involving sexual orientation." *Id.* at 481. Therefore, on its face, *SmithKline* only applies to **equal protection claims** involving sexual orientation. The case at bar, in contrast, raises no equal protection claims, and *SmithKline* is inapposite.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1321399.1 05764-048

16

NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT OF DEFENDANT PEPPERDINE UNIVERSITY; MEMORANDUM OF POINTS AND AUTHORITIES

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1   This Court specifically cited page 483 of *SmithKline*, where the Ninth Circuit

2   held that "Windsor's heightened scrutiny applies to classifications based on sexual

3   orientation."  But this holding does nothing to alter the myriad of cases holding Title

4   VII/IX inapplicable to claims based on sexual orientation. Title VII and Title IX do

5   not, on their face, classify or apply to sexual orientation.  Rather, the question in the

6   case at bar is whether alleged sexual orientation discrimination constitutes

7   discrimination based on "sex."   There is no "classification based on sexual

8   orientation" posed by Title IX.  Accordingly, *SmithKline* does not apply.

9   • *Latta v. Otter*

10   Finally, this court relied in its Order on *Latta v. Otter*, 771 F.3d 456 (9th Cir.

11   2014).  In *Latta*, the Ninth Circuit held that the Idaho and Nevada laws prohibiting

12   same-sex marriage violate the Equal Protection Clause of the Fourteenth

13   Amendment because those laws deny lesbians and gays wishing to marry persons of

14   the same sex a right they afford to individuals who wish to marry persons of the

15   opposite sex. The Ninth Circuit found that these laws do not satisfy the heightened

16   scrutiny standard adopted in *SmithKline*.  *Id*. at 464-65.  In doing so, the Court

17   conducted a lengthy analysis in which it rejected the traditional "family values" type

18   arguments often raised by opponents of same-sex marriage and concluded that

19   "[l]aws that treat people differently based on sexual orientation are unconstitutional

20   unless a 'legitimate purpose ... overcome[s]'  the injury inflicted by the law on

21   lesbians and gays and their families." *Id*. at 476.

22   It is critical to note that *Latta* was a challenge raised under the Equal Protection

23   Clause of the Fourteenth Amendment. *Id*.  The case at bar, in contrast, does *not* involve

24   a challenge based upon constitutional notions of equal protection.  Rather, this Court is

25   simply called upon to apply a federal statute enacted by Congress, and to determine

26   whether the plaintiffs' claims fall within the ambit of that statute.

27   The Fourteenth Amendment, on the one hand, and Title IX, on the other, are

28   not co-extensive.  "Unlike the Fourteenth Amendment, Title IX prohibits only

NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT OF DEFENDANT
PEPPERDINE UNIVERSITY; MEMORANDUM OF POINTS AND AUTHORITIES

1   discrimination based on sex and does not extend to any other form of invidious

2   discrimination.  For these reasons, the Court concludes that, to the extent that the

3   plaintiff asserts Title IX claims based on discrimination due to a sexual orientation

4   or perceived sexual orientation, these claims are not actionable and must be

5   dismissed." (*Montgomery v. Independent School Dist.,* 109 F. Supp.2d 1081, 1090

6   (D. Minn. 2000).)  Despite the clear judicial trend expanding *constitutional*

7   protections as they relate to sexual orientation, this Court should resist the urge to

8   conflate Fourteenth Amendment jurisprudence with well-established (and recent)

9   Title VII/IX jurisprudence.

10          This Court cited Judge Berzon's concurring opinion in *Latta*.  Judge Berzon

11  agreed that Idaho and Nevada's same-sex marriage prohibitions failed because they

12  discriminated on the basis of sexual orientation, and joined the opinion of the court.

13  He concurred separately, however, to assert his belief that these same-sex marriage

14  bans were unconstitutional because they are classifications on the basis of gender

15  that do not survive the level of scrutiny applicable to such classifications.  The fact

16  that this precept was **not** a part of the majority's holding leads to the ineluctable

17  conclusion that the Ninth Circuit was not prepared to find that gender classifications

18  are co-extensive with sexual orientation classifications.  Title VII and Title IX have

19  not been amended by Congress to include sexual orientation within the protected

20  class of the statute.  Because the Ninth Circuit did not hold that gender and sexual

21  orientation classifications are coextensive, *Latta* does not mandate an interpretation

22  of Title IX as prohibiting sexual orientation discrimination.

23          Unlike the laws at issue in *Windsor* and *Latta,* Title IX does not conflict with

24  any law that offers protection for sexual orientation discrimination; it is simply

25  silent on the issue.  Thus, while Title IX cannot be the remedy for a gay person who

26  believes he or she has been treated differently because of his or her sexual

27  orientation, it does not prohibit a state from offering that protection, and the

28  plaintiffs herein have availed themselves of the protection of those laws in

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1321399.1 05764-048

18

1  California (e.g., the Unruh Civil Rights Act).

2  **C.   The Plaintiffs Have Failed to Allege Facts to Support Their Claim**
3  **That They Were Harassed Due to Their Failure to Conform to**
   **Gender Stereotypes**

4  Despite their attempt to shoehorn a claim that the plaintiffs were harassed due

5  to their failure to conform to gender stereotypes, there is not **one single fact** in the

6  sprawling TAC to support that claim.  The only allegations in the TAC that even

7  remotely relate to gender stereotyping are merely conclusory.  They are:  Paragraphs

8  121 and 125 - the alleged harassment was based on the plaintiffs' failure to conform

9  to the stereotypical views of females.  Similarly, paragraph 137 alleges that the

10 harassment based on failure to comply with expected gender roles is harassment for

11 purposes of Title IX.  Finally, the plaintiffs allege at paragraph 147 that retaliation

12 against students who report harassment based on their failure to conform to

13 stereotypical views of females is actionable under Title IX.

14 Nowhere in the body of the TAC are there **any actual underlying facts**

15 which would suggest that the plaintiffs were treated differently based upon

16 stereotypical notions about how women should appear and behave.  Mere

17 conclusions of law, devoid of factual support, should not be accepted for purposes

18 of deciding a Rule 12(b)(6) motion.  *Western Mining Counsel v. Watt*, 643 F.2d 618,

19 624 (9th Cir. 1981); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993).

20 Discrimination based upon gender stereotypes is actionable under Title VII.

21 The leading case is *Price Waterhouse v. Hopkins*, 109 S. Ct. 1775 (1989).  In *Price*

22 *Waterhouse,* the Supreme Court held that Title VII was violated where a partnership

23 candidate at an accounting firm was refused admission as a partner based upon the

24 other partners' perceptions of Hopkins' personality and behavioral characteristics.

25 Specifically, she was described as "macho;" needing to take "a course at charm

26 school;" a "tough-talking somewhat masculine hard-nosed mgr."  *Id.* at 1782.  She

27 was told that to improve her chances for partnership, she should "walk more

28 femininely, talk more femininely, dress more femininely, wear make-up, have her

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1321399.1 05764-048

19

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1  hair styled, and wear jewelry." *Id.*  On these facts, the Supreme Court held that "an

2  employer who acts on the basis of the belief that a woman cannot be aggressive or

3  that she must not be, has acted on the basis of gender." *Id.* at 1791.  The Court

4  concluded that this gender stereotyping was found to be within the purview of Title

5  VII. *Id.* at 1795.

6       The seminal case in the Ninth Circuit involving gender stereotype

7  discrimination is *Nichols v. Azteca Restaurant Enterprises, Inc.,* 256 F.3d 864 (9th

8  Cir. 2001).  In *Nichols,* coworkers taunted the plaintiff for walking and carrying his

9  serving tray like a woman, and called him "faggot" and "a…female whore."  The

10  employee was repeatedly referred to as "she" and "her."  *Id.* at 870. The Ninth

11  Circuit concluded that the plaintiff was harassed because he failed to conform to a

12  male stereotype (*Id.* at 875), and that *Price Waterhouse* applies with equal force to a

13  man who is discriminated against for acting too feminine.  *Id.* at 874.

14       The Ninth Circuit recently applied these principles in *Breiner v. Nevada

15  Department of Corrections,* 610 F.3d 1202 (9th Cir. 2010).  In *Breiner,* male

16  correctional officers sued under Title VII because the Department of Corrections hired

17  only female correctional lieutenants at women's prisons.   The Department of

18  Corrections' claimed justifications for this rule were that it sought to reduce the number

19  of male correctional employees being compromised by female inmates;   male

20  correctional lieutenants were likely to condone sexual abuse by their male subordinates;

21  male correctional lieutenants were themselves likely to sexually abuse female inmates;

22  and female correctional lieutenants possess an "instinct" that renders them less

23  susceptible to manipulation by inmates and therefore better equipped to fill the

24  correctional lieutenant role.   *Id.* at 1201.   The Ninth Circuit found that these

25  justifications violated Title VII, because they were based upon gender-based

26  stereotypes. *Id. See also McMullen v. Southern California Edison*, 2008 WL 4948664

27  (C.D. Cal. Nov. 17, 2008)( harassment based on being effeminate and not conforming

28  to male stereotypes sufficient to state a claim under Title VII).

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1    *Howell v. North Central College,* 320 F. Supp. 2d 717 (N.D. Ill. 2004) also

2    addressed gender stereotyping, but from a different perspective.  In *Howell,* the

3    District Court held that "harassment that relies upon stereotypical notions about how

4    men and women should appear and behave" reasonably suggests that it can be

5    attributed to sex, and contravenes Title VII.  *Id.* at 722.  The court cautioned,

6    however, that this "gender stereotype" harassment must be distinguished from

7    harassment based on sexual orientation or preference, which is not actionable.  *Id.*

8    In *Howell,* the plaintiff fit "the stereotypical notions about how women would

9    appear and behave, and this is what made her a target.  In fact, she contends she was

10   chastised for wearing ribbons in her hair because it was 'too feminine'.  There is

11   simply nothing in plaintiff's complaint or amended complaint that suggests she was

12   a victim of 'gender stereotyping.'"  *Id.* at 724.

13        As is readily apparent from even a cursory review of the TAC, this case is

14   most decidedly ***not*** one based upon harassment arising out of stereotypical notions

15   about how men and women should appear and behave.  Despite their insertion of

16   conclusory allegations of gender stereotyping, there is not one fact in the TAC that

17   identifies any type of characteristic, dress, or behavior that could support a gender

18   stereotype claim.  This omission, coupled with the fact that the entire action is

19   premised solely upon the notion that the plaintiffs were harassed or discriminated

20   against because of their dating relationship and the effect it may have had on the

21   team, compels a ruling that this is not a gender stereotype case protected by Title IX.

22        Many courts have "made it clear that a plaintiff may not utilize a gender

23   stereotyping claim in an effort to 'bootstrap protection for sexual orientation into

24   Title VII.'"  *Dollinger v. New York State Insurance Fund*, 2015 WL 1446892, at 4

25   (N.D. N.Y. March 30, 2015) (citing *Dawson v. Bumble & Bumble*, 398 F.3d 211,

26   218 (2nd Cir. 2005); *Simonton v. Runyon*, 232 F.3d 33, 38 (2nd Cir. 2000)).

27   Similarly, in *Kiley v. ASPCA*, 296 Fed. Appx. 107 (2nd Cir. 2008), the Second

28   Circuit recognized that the plaintiff's claim "appears to be based on sexual

1  orientation discrimination.  She cannot bootstrap this claim to a sexual stereotyping

2  claim."  This Court similarly should resist the plaintiffs' attempt to bootstrap their

3  sexual orientation claims by alleging (with no supporting facts) claims for gender

4  stereotyping.

5      The *Howell* court also refused to permit the plaintiff to amend to transform a

6  sexual orientation case to one alleging gender stereotype:  "Plaintiff's sexual

7  harassment claim is … based solely on sexual orientation.  Throughout her

8  complaint and amended complaint, there is neither suggestion nor intimation that the

9  harassment she suffered was motivated by anything other than her sexual

10  orientation.  …  Plaintiff's complaint, amended complaint and her arguments leave

11  no doubt at all that this case is about sexual orientation and nothing else."  320 F.

12  Supp. at 724-25.

13      This exact result should be reached here.  The voluminous facts alleged in the

14  TAC yield a single conclusion, i.e., the plaintiffs' claim is based on their sexual

15  orientation, not gender stereotyping.  Accordingly, to the extent the plaintiffs' Title

16  IX claims are based upon their contention that they were discriminated against

17  because of gender stereotyping, the claims fail to state a claim upon which relief can

18  be granted, and the Third, Fourth and Fifth causes of action must be dismissed.

19      **D.**  **The Fifth Cause of Action Must Be Dismissed Because Plaintiffs Have Failed to Allege Any Actionable Retaliation Under Title IX**

20

21      In *Jackson v. Birmingham Board of Education,* 125 S. Ct. 1497 (2005), the

22  Supreme Court held that Title IX's private right of action encompasses claims of

23  retaliation against an individual because he has complained about sex

24  discrimination.  Retaliation against individuals because they complain of sex

25  discrimination is intentional conduct that violates the clear terms of the statute.  *Id.*

26  at 1509.

27      In *Wells v. Board of Trustees*, 2006 WL 2583679 (N.D. Cal. Sept. 7, 2006), a

28  coach employed by Humboldt State sued the Board of Trustees for retaliation based

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

22

1321399.1 05764-048

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1   on Title IX discrimination.  The district court held that to establish a prima facie

2   case of retaliation under Title IX, a plaintiff must show:  (1) He engaged in conduct

3   protected by Title IX; (2) he was subjected to an adverse employment action; and

4   (3) there was a causal link between the protected conduct and the adverse

5   employment decision.  *Id.* at 11.  The plaintiffs' TAC falls short of pleading a prima

6   facie case of retaliation under Title IX for several reasons.

7          First, the plaintiffs have not alleged that they were engaged in conduct

8   protected by Title IX.  As discussed extensively above, Title IX does not encompass

9   claims arising out of sexual orientation.  In *Cunningham v. City of Arvada*, 2012

10  WL 3590799 (D. Colo. June 12, 2012), the district court held that a retaliation claim

11  that arose from a claim of sexual orientation discrimination was not entitled to relief

12  under Title VII.  *Id.* at 4.  *Accord*, *Essary v. Federal Express Corp.*, 161 Fed. Appx.

13  782, 786 (10th Cir. 2006) (expressing doubt as to whether a retaliation claim may be

14  predicated upon a non-cognizable cause of action).  Because the plaintiffs' claims

15  are, at their core, based on alleged sexual orientation discrimination, they cannot

16  bootstrap a retaliation claim on a non-actionable set of facts.

17         Second, a retaliation claim is one that has at its core the protection of a person

18  who complains of some type of unlawful discrimination.  If the person does not

19  complain to the defendant about unlawful discrimination, there is no causal

20  relationship between the complaint and the adverse action and, therefore, no

21  actionable retaliation.  In this case, the plaintiffs have not alleged any facts to

22  suggest that they were retaliated against *because* they complained of sex

23  discrimination.  In fact, the plaintiffs specifically allege throughout their complaint

24  that they never told anybody at Pepperdine about their sexual orientation and that

25  they kept their sexual orientation a secret.  *See, e.g.*, TAC ¶ 43, 13:12-13; 14:1-5 (as

26  late as August 26, 2014, Layana told Coach Ryan and Coach Mallorie that they were

27  not dating); ¶ 40, 12:18-20 (the plaintiffs "were keeping their relationship very

28  secret.  Haley and Layana agreed to make a more conscious effort to keep their

1    relationship confidential"); ¶ 127, 30:14-16 ("plaintiffs have been faced with the

2    dilemma of maintaining strict secrecy and confidentiality over their private lives or

3    risk harassment or even expulsion from Pepperdine"); ¶ 21, 5:13-19 and ¶ 30, 8:11-

4    12 (Haley denied telling Adi that she was gay and said she and Layana insisted they

5    were just friends).  Simply put, the plaintiffs have not only failed to allege that they

6    disclosed their sexual orientation to Pepperdine, they **have alleged** that they worked

7    hard to conceal it.  It must follow, therefore, that there could be no retaliation based

8    on a complaint of sex discrimination when the plaintiffs never made a complaint of

9    sex discrimination.

10        **E.    The Third, Fourth and Fifth Causes of Action for Violation of Title
            IX Should Be Dismissed As They Are Uncertain and Not Legally
11          Cognizable.**

12        Plaintiffs have inexplicably elected to split their Title IX claim into three

13    separate causes of action: "Deliberate Indifference to Harassment" (Third Cause of

14    Action; "Systemic Intentional Discrimination" (Fourth Cause of Action) and

15    "Retaliation for Complaints About Discrimination" (Fifth Cause of Action). As

16    discussed above, Title IX does not apply to the plaintiffs' claims in any event.  The

17    splitting of their Title IX claims into three overlapping, but separate causes of

18    action, however, is both unwarranted and creates uncertainty.

19        The elements for a private right of action under Title IX were established by

20    *Davis v. Monroe County Board of Education* 526 U.S. 629 (1999). The Supreme

21    Court held that federal funding recipients are properly held liable in damages under

22    Title IX where they are, (1) deliberately indifferent, (2) to sexual harassment, (3) of

23    which they have actual knowledge, (4) that is so severe, pervasive and objectively

24    offensive, (5) that it can be said to deprive the victims of access to the educational

25    opportunities or benefits provided by the school. *Id.* at 650.  The *Davis* Court did not

26    distinguish between various *types* of alleged sexual harassment, yet the plaintiffs

27    gratuitously attempt to split their Title IX claims into three causes of action when

28    each of these causes of action merely reiterate different theories of harassment into

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1  separate claims. Indeed, the third cause of action, for so-called "Deliberate

2  Indifference" is **itself** an integral element of **any** Title IX claim.

3      This Court should reject the plaintiffs' piecemeal pleading of their Title IX

4  claims as the Ninth Circuit has recognized that harassment and discrimination are

5  essentially co-extensive for purposes of Title IX.  *See, e.g., Mansourian v. Regents,*

6  602 F.3d 957, 967 (9th Cir. 2010); *Reese v. Jefferson School Dist.,* 208 F.3d 736, 739

7  (9th Cir. 2000).  Similarly, the plaintiffs' claim for retaliation is merely a subset of

8  their Title IX claims, and should be pleaded in one cause of action with the other

9  theories of relief under Title IX (and dismissed for lack of merit, as discussed

10  above).

11      **F.    Prejudgment Interest Is Not Recoverable Herein**

12      In an apparent oversight in its Order, this Court did not rule on Pepperdine's

13  Motion to Dismiss the claim for prejudgment interest in the FAC, which argument

14  was unopposed by the plaintiffs.  Pepperdine therefore adopts and incorporates by

15  reference that section of its Motion contained at pages 22-23 of ECF Doc 13.

16  **III.  CONCLUSION**

17      For all of the foregoing reasons, Pepperdine respectfully requests that this

18  Court grant its Motion to Dismiss the Third, Fourth and Fifth Causes of Action of

19  the TAC, and the claim for prejudgment interest, without leave to amend.

20

21  DATED:  June 9, 2015            ANDERSON, McPHARLIN & CONNERS LLP

22

23                          By:  ___/s/ *Paula Tripp Victor* /s/___

24                              Paula Tripp Victor
                                Peter B. Rustin
25                          Attorneys for Defendant,
                            PEPPERDINE UNIVERSITY
26

27

28

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1321399.1 05764-048

NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT OF DEFENDANT
PEPPERDINE UNIVERSITY; MEMORANDUM OF POINTS AND AUTHORITIES