PAULA TRIPP VICTOR (Bar No. 113050)
  ptv@amclaw.com
PETER B. RUSTIN (Bar No. 181734)
  pbr@amclaw.com
ANDERSON, McPHARLIN & CONNERS LLP
707 Wilshire Boulevard, Suite 4000
Los Angeles, CA  90017-3623
TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

Attorneys for Defendant PEPPERDINE UNIVERSITY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HALEY VIDECKIS and LAYANA WHITE, individuals,<br><br>            Plaintiffs,<br><br>      vs.<br><br>PEPPERDINE UNIVERSITY, a corporation doing business in California,<br><br>            Defendant. | Case No. 2:15-cv-00298-DDP (JCx)<br><br>**DEFENDANT PEPPERDINE UNIVERSITY'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Trial Date:    None |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant PEPPERDINE UNIVERSITY ("Defendant") hereby answers the Third Amended Complaint ("TAC") of Plaintiffs, HALEY VIDECKIS and LAYANA WHITE (collectively "Plaintiffs").

## ANSWER TO COMPLAINT

1.     Answering Paragraph 1, Defendant is informed and believes that Videckis is currently a 21-year old Caucasian woman.  Defendant admits that Videckis was a member of the Pepperdine University's women basketball team and that she was a transfer student from Arizona State University.  Defendant denies that Videckis was highly recruited by Pepperdine University and its coaches.  Regarding

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1  the remaining allegations in Paragraph 1, Defendant lacks sufficient knowledge or

2  information to form a belief concerning the truth of the allegations contained therein

3  and on that basis denies such allegations.

4       2.      Answering Paragraph 2, Defendant is informed and believes that White

5  is currently a 22-year old African American woman.  Defendant admits that White

6  was a member of the Pepperdine University's women basketball team and that she

7  was a transfer student from the University of Arizona.  Defendant denies that White

8  was highly recruited by Pepperdine University and its coaches.  Regarding the

9  remaining allegations in Paragraph 1, Defendant lacks sufficient knowledge or

10 information to form a belief concerning the truth of the allegations contained therein

11 and on that basis denies such allegations.

12      3.      Answering Paragraph 3, Defendant admits that it is a California non-

13 profit public benefit corporation and the remaining allegations contained therein.

14      4.      Answering Paragraph 4, Defendant denies the allegations contained

15 therein because Defendant contends the allegations do not support claims under

16 Title IX.

17      5.      Answering Paragraph 5, Defendant admits the allegations contained

18 therein.

19      6.      Answering Paragraph 6, Defendant denies the allegations because it

20 contends this Court does not have subject matter jurisdiction over the claims stated

21 in the Complaint.  Defendant admits, however, that if there were subject matter

22 jurisdiction, venue in this District would be proper.

23      7.      Answering Paragraph 7, Defendant admits that Coach Ryan is the Head

24 Coach of Defendant's women's basketball team, and that he acted within his scope

25 and course of his employment at all times mentioned in the TAC.  Defendant denies

26 the remaining allegations in this paragraph.

27      8.      Answering Paragraph 8, Defendant admits that at all times mentioned

28 in the TAC, the allegations stated in this paragraph are true.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1    9.    Answering Paragraph 9, Defendant admits that at all times mentioned

2  in the TAC, the allegations stated in this paragraph are true.

3    10.    Answering Paragraph 10, Defendant admits that at all times mentioned

4  in the TAC, the allegations stated in this paragraph are true.

5    11.    Answering Paragraph 11, Defendant admits that Kevin Wright is the

6  Head Athletic Trainer for Pepperdine University, and that he acted within the course

7  and scope of his employment at all times mentioned in the TAC.  Defendant denies

8  the remaining allegations in this paragraph.

9    12.    Answering Paragraph 12, Defendant admits that Karissa Scherer is an

10  Assistant Athletic Trainer for Pepperdine University, and that she acted within the

11  course and scope of her employment at all times mentioned in the TAC.  Defendant

12  denies the remaining allegations in this paragraph.

13    13.    Answering Paragraph 13, Defendant admits that Adi Conlogue is an

14  Academic Coordinator for Pepperdine University and that she acted within the

15  scope and course of her employment at all times mentioned in the TAC.  Defendant

16  denies the remaining allegations in this paragraph.

17    14.    Answering Paragraph 14, Defendant admits that Dr. Steve Potts is the

18  Athletic Director at Pepperdine University, a supervisor of Coach Ryan, and that he

19  acted within the scope and course of his employment at all times mentioned in the

20  TAC.  Defendant denies the remaining allegations in this paragraph.

21    15.    Answering Paragraph 15, Defendant admits Tabatha Jones Jolivet is a

22  Deputy Title IX Coordinator at Pepperdine University and that she acted within the

23  scope and course of her employment at all times mentioned in the TAC.  Defendant

24  denies the remaining allegations in this paragraph.

25    16.    Answering Paragraph 16, Defendant admits the allegations contained

26  therein.

27    17.    Answering Paragraph 17, Defendant denies the allegations contained

28  therein.

18.     Answering Paragraph 18, Defendant admits that Plaintiffs complained to the Athletic Director and to the Title IX Coordinator but do not admit that the complaints had to do with Plaintiffs' treatment due to being in a lesbian relationship. Defendant also admits that in December 2014, Plaintiffs voluntarily withdrew from the University.  As to the allegation that Layana attempted to commit suicide, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of those allegations and on that basis denies such allegations. Defendant denies the remaining allegations in this paragraph.

19.     Answering Paragraph 19, Defendant denies the allegations contained therein.

20.     Answering Paragraph 20, Defendant denies the allegations contained therein.

21.     Answering Paragraph 21, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the allegations contained therein and on that basis denies such allegations.

22.     Answering Paragraph 22, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the allegations contained therein and on that basis denies such allegations.

23.     Answering Paragraph 23, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the allegations contained therein and on that basis denies such allegations.

24.     Answering Paragraph 24, Defendant denies that the six people chosen for the leadership counsel were necessarily the best leaders on the basketball team. Defendant admits the first leadership meeting was in March 2014, but does not have sufficient knowledge or information to know if the exact date was March 18, 2014. As to the remaining allegations in this paragraph, Defendant admits the allegations contained therein.

/ / /

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

4

DEFENDANT PEPPERDINE UNIVERSITY'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

25.     Answering Paragraph 25, Defendant denies the allegations contained therein.

26.     Answering Paragraph 26, Defendant denies the allegations contained therein.

27.     Answering Paragraph 27, Defendant denies the allegations contained therein.

28.     Answering Paragraph 28, Defendant admits that at some time Layana told Coach Ryan that Adi spent too much time talking about non-academic matters. As to the remaining allegations in this paragraph, Defendant denies the allegations contained therein.

29.     Answering Paragraph 29, Defendant denies the allegations contained therein.

30.     Answering Paragraph 30, Defendant denies the allegations contained therein.

31.     Answering Paragraph 31, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the allegations contained therein and on that basis denies such allegations.

32.     Answering Paragraph 32, Defendant admits that during a conversation Coach Ryan had with Keitra regarding Sahara wanting to become a member of the basketball team, he asked Keitra whether she and Sahara were dating.  As to the remaining allegations in this paragraph, Defendant lacks sufficient knowledge or information to determine the truth of the allegations contained therein and on that basis denies the allegations.

33.     Answering Paragraph 33, Defendant admits that Coach Ryan and Layana talked about her filing an appeal to the NCAA.  As to the remaining allegations in this paragraph, Defendant lacks sufficient knowledge or information to determine the truth of the allegations contained therein and on that basis denies the allegations.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

34.     Answering Paragraph 34, Defendant admits that on June 4, 2014, meetings were held with Coach Ryan, Karissa and some of the assistant coaches regarding problems that were occurring in the training room.  Defendant also admits that during one of these meetings, Haley told Coach Ryan that Karissa had told her that Coach Trisha was gay.  As to the remaining allegations in this paragraph, Defendant lacks sufficient knowledge or information to determine the truth of the allegations contained therein and on that basis denies the allegations.

35.     Answering Paragraph 35, Defendant admits that Karissa initially denied telling Haley that Trisha was gay, that Coach Ryan asked Karissa to apologize for having initially denied she said this to Haley, and that Haley asked Karissa to admit she had been lying about issues that had arisen during Haley's treatment in the training room.  As to the remaining allegations in this paragraph, Defendant lacks sufficient knowledge or information to determine the truth of the allegations contained therein and on that basis denies the allegations.

36.     Answering Paragraph 36, Defendant admits that on June 12, 2014, Layana met with Dr. Potts and discussed her NCAA appeal with him.  Defendant also admits that she was told to submit requested documents to support the appeal.  Defendant also admits that A.J. Lapray was a transfer athlete and that his NCAA appeal was approved.  As to the remaining allegations in this paragraph, Defendant lacks sufficient knowledge or information to determine the truth of the allegations contained therein and on that basis denies the allegations.

37.     Answering Paragraph 37, Defendant lacks sufficient knowledge or information to determine the truth of the allegations contained therein and on that basis denies the allegations.

38.     Answering Paragraph 38, Defendant lacks sufficient knowledge or information to determine the truth of the allegations contained therein and on that basis denies the allegations.

/ / /

39.     Answering Paragraph 39, Defendant admits that there was a team-wide change before the 2014-15 academic year with regard to what GPA was associated with the number of study hall hours required for all student-athletes on the team.  As to the remaining allegations in this paragraph, Defendant lacks sufficient knowledge or information to determine the truth of the allegations contained therein and on that basis denies the allegations.

40.     Answering Paragraph 40, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the allegations contained therein and on that basis denies such allegations.

41.     Answering Paragraph 41, Defendant admits that Coach Ryan sent a text to Krista expressing his disappointment that she wanted to live off campus.  As to the remaining allegations in this paragraph, Defendant lacks sufficient knowledge or information to determine the truth of the allegations contained therein and on that basis denies the allegations.

42.     Answering Paragraph 42, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the allegations contained therein and on that basis denies such allegations.

43.     Answering Paragraph 43, Defendant admits the allegations in the first five sentences in this paragraph.  Defendant also admits that Coach Ryan called Allie into the meeting and that he called Coach Jordan on the speakerphone and that he then asked Allie to leave the meeting.  Defendant also admits that Layana continued to deny that she and Haley were in a dating relationship.  As to the remaining allegations in this paragraph, Defendant lacks sufficient knowledge or information to determine the truth of the allegations contained therein and on that basis denies the allegations.

44.     Answering Paragraph 44, Defendant lacks sufficient knowledge or information to determine the truth of the allegations contained therein and on that basis denies the allegations.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

DEFENDANT PEPPERDINE UNIVERSITY'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

45.     Answering Paragraph 45, Defendant admits there was a meeting in early September 2014 involving the general subject matter contained in this paragraph. As to the remaining allegations in this paragraph, Defendant lacks sufficient knowledge or information to determine the truth of the allegations contained therein and on that basis denies the allegations.

46.     Answering Paragraph 46, Defendant lacks sufficient knowledge or information to determine the truth of the allegations contained therein and on that basis denies the allegations.

47.     Answering Paragraph 47, Defendant denies the allegations contained therein.

48.     Answering Paragraph 48, Defendant admits that Haley told Karissa she had been experiencing tailbone pain.  As to the remaining allegations in this paragraph, Defendant lacks sufficient knowledge or information to determine the truth of the allegations contained therein and on that basis denies the allegations.

49.     Answering Paragraph 49, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the allegations contained therein and on that basis denies such allegations.

50.     Answering Paragraph 50, Defendant admits Haley advised Karissa of her abnormal pap smear and her tailbone pain.  As to the remaining allegations in this paragraph, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the allegations contained therein and on that basis denies such allegations.

51.     Answering Paragraph 51, Defendant admits Haley told Karissa she had been prescribed pain medication for her tailbone pain and that players were required to disclose medications they were taking.  As to the remaining allegations in this paragraph, Defendant lacks sufficient knowledge or information to determine the truth of the allegations contained therein and on that basis denies the allegations.

/ / /

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

52.     Answering Paragraph 52, Defendant lacks sufficient knowledge or information to determine the truth of the allegations contained therein and on that basis denies the allegations.

53.     Answering Paragraph 53, Defendant admits that at some point, Haley told Karissa and Coach Ryan she had a doctor's appointment because she might have cervical cancer.  As to the remaining allegations in this paragraph, Defendant lacks sufficient knowledge or information to determine the truth of the allegations contained therein and on that basis denies the allegations.

54.     Answering Paragraph 54, Defendant lacks sufficient knowledge or information to determine the truth of the allegations contained therein and on that basis denies the allegations.

55.     Answering Paragraph 55, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the allegations contained in the last sentence in this paragraph.  As to the remaining allegations in the paragraph, Defendant admits those allegations.

56.     Answering Paragraph 56, Defendant admits the allegations regarding the date and content of the note from Dr. Emrani.  As to the remaining allegations in this paragraph, Defendant lacks sufficient knowledge or information to determine the truth of the allegations contained therein and on that basis denies the allegations.

57.     Answering Paragraph 57, Defendant admits that on September 16, 2014, Karissa sent an e-mail to Haley that reads as quoted in this paragraph. As to the remaining allegations in this paragraph, Defendant lacks sufficient knowledge or information to determine the truth of the allegations contained therein and on that basis denies the allegations.

58.     Answering Paragraph 58, Defendant lacks sufficient knowledge or information to determine the truth of the allegations contained therein and on that basis denies the allegations.

/ / /

59.   Answering Paragraph 59, Defendant admits the allegations contained therein.

60.   Answering Paragraph 60, Defendant admits the allegations contained therein.

61.   Answering Paragraph 61, Defendant lacks sufficient knowledge or information to determine the truth of the allegations contained therein and on that basis denies the allegations.

62.   Answering Paragraph 62, Defendant denies the allegations contained therein.

63.   Answering Paragraph 63, Defendant lacks sufficient knowledge or information to determine the truth of the allegations contained therein and on that basis denies the allegations.

64.   Answering Paragraph 64, Defendant admits the allegations in the first sentence in this paragraph.  Defendant also admits that Haley called Coach Ryan to tell him she needed the weekend to decide if she wanted to remain on the basketball team and that Coach Ryan told her he needed a decision by Sunday morning but then agreed to let her have until Monday.  As to the remaining allegations in the paragraph, Defendant lacks sufficient knowledge or information to determine the truth of the allegations contained therein and on that basis denies the allegations.

65.   Answering Paragraph 65, Defendant admits that on September 22, 2014, Haley requested more time to think about her decision but that Coach Ryan told her he needed a decision by 5:00 p.m. that day.  Defendant also admits that on September 23, 2014, Coach Ryan sent an e-mail to Haley stating that her failure to communicate a decision by the deadline indicated her decision to quit the program. As to the remaining allegations in the paragraph, Defendant lacks sufficient knowledge or information to determine the truth of the allegations contained therein and on that basis denies the allegations.

/ / /

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

66.     Answering Paragraph 66, Defendant admits that on September 24, 2014, Haley sent an e-mail to Dr. Potts telling him what she allegedly stated to Coach Ryan in a text on September 22, 2014.

67.     Answering Paragraph 67, Defendant admits that the quoted provisions in this paragraph are correct portions of an e-mail sent to Haley by Dr. Potts on September 24, 2014.

68.     Answering Paragraph 68, Defendant admits that on November 7, 2014, Tabatha Jolivet Jones sent a letter to Haley informing her of the outcome of the Title IX investigation and that the quoted provisions in this paragraph are contained in that letter.  As to the remaining allegations in this paragraph, Defendant denies the allegations contained therein.

69.     Answering Paragraph 69, Defendant admits the allegations contained therein.

70.     Answering Paragraph 70, Defendant incorporates its response to all previous paragraphs as though set forth in full herein.

71.     Answering Paragraph 71, Defendant admits the California Constitution provides for a right of privacy to its citizens.

72.     Answering Paragraph 72, Defendant denies the allegations contained in this paragraph. This paragraph also contains legal conclusions to which no answer is required.

73.     Answering Paragraph 73, Defendant denies the allegations contained in this paragraph.

74.     Answering Paragraph 74, Defendant denies the allegations contained in this paragraph.  This paragraph also contains legal conclusions to which no answer is required.

75.     Answering Paragraph 75, Defendant denies the allegations contained in this paragraph.

/ / /

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

76.     Answering Paragraph 76, Defendant denies the allegations contained in this paragraph.

77.     Answering Paragraph 77, Defendant denies the allegations contained in this paragraph.

78.     Answering Paragraph 78, Defendant denies that White was compelled to do the things alleged in this paragraph.  As to the remaining allegations in this paragraph, Defendant lacks sufficient knowledge or information to form an opinion concerning the truth of the allegations contained therein and on that basis denies the allegations.

79.     Answering Paragraph 79, Defendant denies that Videckis was compelled to do the things alleged in this paragraph.  As to the remaining allegations in this paragraph, Defendant lacks sufficient knowledge or information to form an opinion concerning the truth of the allegations contained therein and on that basis denies the allegations.

80.     Answering Paragraph 80, Defendant denies the allegations contained therein.

81.     Answering Paragraph 81, Defendant denies the allegations contained therein.

82.     Answering Paragraph 82, Defendant denies the allegations contained therein.

83.     Answering Paragraph 83, Defendant denies the allegations contained therein.

84.     Answering Paragraph 84, Defendant denies the allegations contained therein.

85.     Answering Paragraph 85, Defendant denies the allegations contained therein.

86.     Answering Paragraph 86, Defendant denies the allegations contained therein.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1394563.1 05764-048

DEFENDANT PEPPERDINE UNIVERSITY'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

87.     Answering Paragraph 87, Defendant incorporates its response to all previous paragraphs as though set forth in full herein.

88.     Answering Paragraph 88, Defendant denies the allegations contained therein.

89.     Answering Paragraph 89, Defendant denies the allegations contained therein.

90.     Answering Paragraph 90, Defendant denies the allegations contained therein.

91.     Answering Paragraph 91, Defendant denies the allegations contained therein.

92.     Answering Paragraph 92, Defendant denies the allegations contained therein.

93.     Answering Paragraph 93, Defendant denies the allegations contained therein.

94.     Answering Paragraph 94, Defendant denies the allegations contained therein.

95.     Answering Paragraph 95, Defendant denies the allegations contained therein.

96.     Answering Paragraph 96, Defendant denies the allegations contained therein.

97.     Answering Paragraph 97, Defendant denies the allegations contained therein.

98.     Answering Paragraph 98, Defendant denies the allegations contained therein.

99.     Answering Paragraph 99, Defendant denies the allegations contained therein.

100.    Answering Paragraph 100, Defendant denies the allegations contained therein.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1394563.1 05764-048

DEFENDANT PEPPERDINE UNIVERSITY'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

101.   Answering Paragraph 101, Defendant denies the allegations contained therein.

102.   Answering Paragraph 102, Defendant denies the allegations contained therein.

103.   Answering Paragraph 103, Defendant denies the allegations contained therein.

104.   Answering Paragraph 104, Defendant denies the allegations contained therein.

105.   Answering Paragraph 105, Defendant denies the allegations contained therein.

106.   Answering Paragraph 106, Defendant denies the allegations contained therein.

107.   Answering Paragraph 107, Defendant denies the allegations contained therein.

108.   Answering Paragraph 108, Defendant denies the allegations contained therein.

109.   Answering Paragraph 109, Defendant denies the allegations contained therein.

110.   Answering Paragraph 110, Defendant denies the allegations contained therein.

111.   Answering Paragraph 111, Defendant denies the allegations contained therein.

112.   Answering Paragraph 112, Defendant denies the allegations contained therein.

113.   Answering Paragraph 113, Defendant denies the allegations contained therein.

114.   Answering Paragraph 114, Defendant denies the allegations contained therein.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

14
DEFENDANT PEPPERDINE UNIVERSITY'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1   115.   Answering Paragraph 115, Defendant incorporates its response to all
2   previous paragraphs as though set forth in full herein.

3   116.   Answering Paragraph 116, Defendant admits it receives federal funds.

4   117.   Answering Paragraph 117, Defendant admits this is an accurate
5   statement of a portion of the statute cited.

6   118.   Answering Paragraph 118, Defendant admits this is an accurate
7   statement of a portion of the statute cited.

8   119.   Answering Paragraph 119, Defendant admits that Title IX confers a
9   benefit on persons discriminated against on the basis of sex (gender) but denies that
10  Plaintiffs are beneficiaries of that statute under the facts alleged in the TAC.

11  120.   Answering Paragraph 120, Defendant admits the allegations contained
12  therein.

13  121.   Answering Paragraph 121, Defendant denies the allegations contained
14  therein.

15  122.   Answering Paragraph 122, Defendant admits that the persons referred
16  to in this paragraph were persons who had authority to take corrective action, if any
17  corrective action were needed.  As to all remaining allegations in this paragraph,
18  Defendant denies the allegations contained therein.

19  123.   Answering Paragraph 123, Defendant denies the allegations contained
20  therein.

21  124.   Answering Paragraph 124, Defendant admits that the persons stated
22  therein had authority to address acts of discrimination but Defendant denies that any
23  discrimination occurred and denies all remaining allegations contained therein.

24  125.   Answering Paragraph 125, Defendant denies the allegations contained
25  therein.

26  126.   Answering Paragraph 126, Defendant denies the allegations contained
27  therein.

28  / / /

127. Answering Paragraph 127, Defendant denies the allegations contained therein.

128. Answering Paragraph 128, Defendant denies the allegations contained therein.

129. Answering Paragraph 129, Defendant incorporates its response to all previous paragraphs as though set forth in full herein.

130. Answering Paragraph 130, Defendant admits it receives federal funds.

131. Answering Paragraph 131, Defendant admits this is an accurate statement of the portion of the statute cited.

132. Answering Paragraph 132, Defendant admits this is an accurate statement of the portion of the statute cited.

133. Answering Paragraph 133, Defendant admits Title IX confers a benefit on persons discriminated against on the basis of sex (gender) but denies that Plaintiffs are the beneficiaries of that statute based on the facts alleged in the TAC.

134. Answering Paragraph 134, Defendant admits the allegations contained therein.

135. Answering Paragraph 135, Defendant denies the allegations contained therein.

136. Answering Paragraph 136, Defendant denies the allegations contained therein.

137. Answering Paragraph 137, Defendant denies the allegations contained therein and this paragraph contains legal conclusions for which no response is required.

138. Answering Paragraph 138, Defendant denies the allegations contained therein.

139. Answering Paragraph 139, Defendant denies the allegations contained therein.

/ / /

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

DEFENDANT PEPPERDINE UNIVERSITY'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

140.   Answering Paragraph 140, Defendant incorporates its response to all previous paragraphs as though set forth in full herein.

141.   Answering Paragraph 141, Defendant admits it receives federal funds.

142.   Answering Paragraph 142, Defendant admits this is an accurate statement of the portion of the statute cited.

143.   Answering Paragraph 143, Defendant admits this is an accurate statement of the portion of the statute cited.

144.   Answering Paragraph 144, Defendant admits that Title IX confers a benefit on persons discriminated against on the basis of sex (gender) but denies that Plaintiffs are beneficiaries of this statute based on the facts alleged in the TAC.

145.   Answering Paragraph 145, Defendant denies the allegations contained therein.

146.   Answering Paragraph 146, Defendant contends this paragraph is unintelligible and on that basis denies the allegations contained therein.

147.   Answering Paragraph 147, Defendant denies the allegations contained therein and asserts the allegations are legal conclusions requiring no response.

148.   Answering Paragraph 148, Defendant denies the allegations contained therein.

149.   Answering Paragraph 149, Defendant incorporates by reference as though fully set forth herein its responses to all previous paragraphs.

150.   Answering Paragraph 150, Defendant admits this is an accurate statement of the portion of the statute cited.

151.   Answering Paragraph 151, Defendant contends it need not respond to this allegation as it contains solely a legal conclusion.

152.   Answering Paragraph 152, Defendant denies the allegations contained therein.

153.   Answering Paragraph 153, Defendant denies the allegations contained therein.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1394563.1 05764-048

DEFENDANT PEPPERDINE UNIVERSITY'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

154. Answering Paragraph 154, Defendant incorporates its response to all previous paragraphs as though set forth in full herein.

155. Answering Paragraph 155, Defendant denies the allegations contained therein.

156. Answering Paragraph 156, Defendant denies the allegations contained therein.

157. Answering Paragraph 157, Defendant denies the allegations contained therein.

158. Answering Paragraph 158, Defendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

Defendant pleads the following separate affirmative defenses to the TAC and the purported causes of action stated therein.

### First Affirmative Defense

### (Failure to State a Claim)

159. As a separate affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action.

### Second Affirmative Defense

### (Compliance with the Law)

160. As a separate affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the actions taken by Defendant were in full compliance with the law.

### Third Affirmative Defense

### (Consent)

161. As a separate affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiffs are barred from prosecuting the purported causes of action set forth in the Complaint because

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

DEFENDANT PEPPERDINE UNIVERSITY'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1  Plaintiffs, and/or the persons and/or entities acting on their behalf, consented to and

2  acquiesced in the subject conduct.

3  ## Fourth Affirmative Defense

4  ## (Defendant Acted in Accordance with Constitution)

5  162.   As a separate affirmative defense to the Complaint and each purported

6  cause of action contained therein, Defendant alleges that Defendant acted at all

7  times within the scope of discretion, in good faith, with due care, and pursuant to

8  applicable rules, regulations, and practices reasonably and in good faith believed to

9  be in accordance with the Constitution and laws of the United States and/or the State

10  of California, and Defendant is therefore not liable.

11  ## Fifth Affirmative Defense

12  ## (Estoppel)

13  163.   As a separate affirmative defense to the Complaint and each purported

14  cause of action contained therein, Defendant alleges that Plaintiffs are barred in

15  whole or in part from prosecuting the purported causes of action set forth in the

16  Complaint by the doctrine of estoppel.

17  ## Sixth Affirmative Defense

18  ## (Failure to Mitigate Damages)

19  164.   As a separate affirmative defense to the Complaint and each purported

20  cause of action contained therein, Defendant alleges that Plaintiffs' claims, if any,

21  are barred for their failure, and/or the failure of the persons and/or entities acting on

22  their behalf, to mitigate any purported damages.

23  ## Seventh Affirmative Defense

24  ## (*In pari delicto*)

25  165.   As a separate affirmative defense to the Complaint and each purported

26  cause of action contained therein, Defendant alleges that the claims therein are

27  barred by the doctrine of in pari delicto.

28  / / /

1394563.1 05764-048

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

### Eighth Affirmative Defense

### (Defendant Acted Reasonably)

166.   At all times relevant herein, the actions of Defendant and the actions of employees and agents, or any omissions of same, were reasonable in light of the circumstances.

### Ninth Affirmative Defense

### (Intervening and Superseding Cause)

167.   As a separate affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that if Plaintiffs suffered or sustained any loss, damage or injury as alleged in the Complaint, such loss, damage or injury was legally caused or contributed to by the negligence or wrongful conduct of other parties, persons or entities, and that their negligence or wrongful conduct was an intervening and superseding cause of the loss, damage or injury of which Plaintiffs complain

### Tenth Affirmative Defense

### (Justification/Excuse)

168.   As a separate affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that by virtue of the acts of Plaintiffs, and/or the persons and/or entities acting on their behalf, Plaintiffs are barred from prosecuting the purported causes of action set forth in the Complaint because the acts and/or omissions alleged in the Complaint were justified and/or excused.

### Eleventh Affirmative Defense

### (No Injury or Damage)

169.   As a separate affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiffs have not been injured or damaged as a proximate result of any act or omission for which Defendant is responsible.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

## Twelfth Affirmative Defense

### (No Malicious Intent)

170.   As a separate affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Defendant did not act with malicious intent to deprive any person of any Constitutional right or to cause any other injury and therefore is not liable.

## Thirteenth Affirmative Defense

### (Privilege-Good Faith Assertions of Legal Rights and Privileges)

171.   As a separate affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that in each act or statement done or made by Defendant, its officers, employees and/or agents, with reference to Plaintiffs were and continue to be made in good faith and are lawful assertions of Defendant's legal rights and obligations and, therefore, were and are privileged.

## Fourteenth Affirmative Defense

### (Comparative Fault)

172.   As a separate affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the injuries and damages alleged in the Complaint by Plaintiffs occurred, were proximately caused by and/or were contributed to by Plaintiffs' own acts or failures to act and that Plaintiffs' recovery, if any, should be reduced by an amount proportionate to the amount by which said acts caused or contributed to said alleged injury or damages.

## Fifteenth Affirmative Defense

### (Punitive Damages Barred)

173.   As a separate and sixty-sixth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiffs' alleged claim for punitive damages is barred by the provisions of California Civil Code Sections 3294 and 3295.

/ / /

1394563.1 05764-048

**Sixteenth Affirmative Defense**

**(Punitive Damages Limited)**

174. As a separate affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that if Plaintiffs produce clear and convincing evidence against Defendant sufficient to satisfy the requirements for punitive damages under California Civil Code, Section 3294, any punitive damages awarded must be reasonable in terms of the following guideposts set forth by the United States Supreme Court in BMW of North America. Inc. v. Ira Gore. Jr.: (1) the degree of reprehensibility of the Defendant's conduct; (2) the actual harm inflicted on Plaintiff; and (3) the civil or criminal penalties that could be imposed for comparable misconduct.

**Seventeenth Affirmative Defense**

**(Statute of Limitations)**

175. As a separate affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the purported causes of action asserted in the Complaint are barred by such statutes of limitation as may be applicable, including, but not limited to, California Code of Civil Procedure Sections 335.1, 338, 339, 340 and 340.5.

**Eighteenth Affirmative Defense**

**(Unclean Hands)**

176. As a separate affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiffs are barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of unclean hands.

**Nineteenth Affirmative Defense**

**(Waiver)**

177. As a separate affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiffs are barred in

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1  whole or in part from prosecuting the purported causes of action set forth in the

2  Complaint by the doctrine of waiver.

### Twentieth Affirmative Defense

### (Reasonable Measures Taken)

5  178.  As a separate affirmative defense to the Complaint and each purported

6  cause of action contained therein, Defendant alleges that Plaintiffs' claims are

7  barred in whole or in part because Defendant had an adequate anti-discrimination

8  policy in effect at the time of the alleged harassment; took reasonable measures to

9  investigate Plaintiffs' claims; and took appropriate action.

### Twenty-First Affirmative Defense

### (Justification)

12  179.  As a separate affirmative defense to the Complaint and each purported

13  cause of action contained therein, Defendant alleges that any alleged invasion of

14  privacy was justified because it substantively furthered one or more countervailing

15  interests.

### Twenty-Second Affirmative Defense

### (Reservation of Right To Amend)

18  180.  Defendant expressly reserves the right to amend its answer to allege

19  any additional affirmative defenses justified by discovery to be conducted herein.

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

DEFENDANT PEPPERDINE UNIVERSITY'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2        Defendant hereby demands a jury trial as to all claims presented in this action.

3

4   DATED: December 28, 2015          ANDERSON, McPHARLIN & CONNERS LLP

5

6                                    By:    /s/ Paula Tripp Victor

7                                           Paula Tripp Victor
                                            Peter B. Rustin
8                                    Attorneys for Defendant PEPPERDINE
                                     UNIVERSITY
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1394563.1 05764-048

24

DEFENDANT PEPPERDINE UNIVERSITY'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT