JEREMY J. GRAY (SBN 150075
  *jgray@zuberlaw.com*
JAYESH PATEL (SBN 132939)
  *jpatel@zuberlaw.com*
**ZUBER LAWLER & DEL DUCA LLP**
777 S. Figueroa Street, 37th Floor
Los Angeles, California 90017   USA
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Plaintiffs
Haley Videckis and Layana White

PAULA TRIPP VICTOR (SBN 113050)
  *ptv@amclaw.com*
PETER B. RUSTIN (SBN 181734)
  *pbr@amclaw.com*
**ANDERSON MCPHARLIN & CONNERS LLP**
707 Wilshire Boulevard, Suite 4000
Los Angeles, California 90017   USA
Telephone: (213) 688-0080
Facsimile: (213) 622-7594

Attorneys for Defendant
Pepperdine University

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HALEY VIDECKIS and LAYANA WHITE, individuals,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>PEPPERDINE UNIVERSITY, a corporation doing business in California,<br><br>　　　　Defendant. | CASE NO. 2:15-CV-00298-DDP (JCx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[CHANGES MADE BY COURT TO PARAGRAPHS 1, 3, 5.2.1, 5.2.2, 5.2.4, 7.1, 7.3.3, 8.2, 11.3]** |

**1.　PURPOSE AND LIMITS OF THIS ORDER**

　　Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose, other than prosecuting this litigation or any subsequent or future litigation between the Parties, including but not limited

to malicious prosecution, may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 11.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. Rather, when the parties seek permission from the court to file material under seal, the parties must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.

## 2. DEFINITIONS

2.1. "Challenging Party" means a Party or Non-Party that challenges the designation of information or items under this Order.

2.2. "Counsel" means Outside Counsel of Record and House Counsel (as well as their support staff).

2.3. "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" means information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and specifically, medical records or sexual orientation of the Parties or witnesses not previously disclosed to the public.

2.4. "Designating Party" means a Party or Non-Party that designates information or items produced in disclosure or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

2.5. "Disclosure or Discovery Material" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained

(including, but not limited to, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6. "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Outside Counsel of Record to serve as an expert witness or as a consultant in this action.

2.7. "House Counsel" means attorneys and staff who are employees of a Party to this action and includes Thomas H. Knudsen, Marc Goodman, Ki'Jhana Friday, Nancy Chase and Carly Lantrip. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8. "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9. "Outside Counsel of Record" means attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.10. "Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11. "Producing Party" means a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12. "Professional Vendors" means persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13. "Protected Material" means any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

2.14. "Receiving Party" means a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial. The protections conferred by this Order also do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge. This Order does not govern the use of Protected Material during a court hearing or at trial.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5.2. <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order (*see, e.g.*, Section 5.2.1 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

5.2.1. <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then,

before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

5.2.2. <u>for testimony given in deposition</u>, that the Designating Party identify on the record all protected testimony and the level of protection being asserted. The Designating Party may make that designation during the deposition or may invoke, on the record or by written notice to all parties on or before the second business day, a right to have up to 21 days from the deposition to make its designation.

5.2.3. <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.2.4. Parties shall give advance notice if they expect a deposition or other proceeding to include Protected Material so that the other Parties can (a) as to a deposition, ensure that only authorized individuals are present when such material is disclosed or used; or (b) as to a proceeding, make any appropriate request to the presiding judicial officer. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Deposition transcripts containing Protected Material shall have a legend on the title page noting the presence of Protected Material.

///

5.3. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for, (1) prosecuting, defending, or attempting to settle this litigation, or (2) prosecuting, defending, or attempting to settle subsequent or future litigation between the Parties, including but not limited to malicious prosecution. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

7.2.1. the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

7.2.2. the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" form (Exhibit A attached hereto);

7.2.3. Experts of the Receiving Party to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" form (Exhibit A attached hereto);

7.2.4. the Court and its personnel;

7.2.5. outside court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" form (Exhibit A attached hereto);

7.2.6 during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" form (Exhibit A attached hereto);

7.2.7 the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3. Disclosure of "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" only to:

7.3.1. the Receiving Party's Outside Counsel of Record in this action, employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information, as well as Thomas H. Knudsen, Marc Goodman, Ki'Jhana Friday, in their capacity as House Counsel for Pepperdine University, and Nancy Chase and Carly Lantrip, in their capacity as staff members in Pepperdine University's House Counsel's office.

7.3.2. Experts consulted or retained by the Designating Party or Receiving Party when reasonably necessary to disclose the information, where such experts acknowledge the "Acknowledgment and Agreement to Be Bound" form (Exhibit A attached hereto);

7.3.3. the Court and its personnel.

7.3.4. Notwithstanding its designation, information deemed "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may be used without limitation in legal briefs and arguments by Outside Counsel of Record when filed under seal pursuant to Section 11.3.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED TO BE PRODUCED IN OTHER LITIGATION

8.1. This Order in no way excuses non-compliance with a lawful subpoena or court order. The purpose of the duties described in this Section is to alert the interested parties to the existence of this Order and to give the Designating Party an opportunity to protect its confidentiality interests in the court where the subpoena or order issued. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," that Party must promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order.

8.2. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or unless otherwise required by law or court order. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as

authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" form (Exhibit A attached hereto).

## 10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

## 11. MISCELLANEOUS

11.1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to

disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

11.3. <u>Filing Protected Material</u>. A Party seeking to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.

**12. FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

///
///
///

**IT IS SO STIPULATED, AND RESPECTFULLY SUBMITTED, BY AND THROUGH COUNSEL OF RECORD:**

Dated: February 24, 2017     **ZUBER LAWLER & DEL DUCA LLP**
JEREMY J. GRAY
JAYESH PATEL

By: */s/Jayesh Patel*
Attorneys for Plaintiffs Haley Videckis and Layana White

Dated: February 23, 2017     Respectfully submitted:

**ANDERSON MCPHARLIN & CONNERS LLP**
PAULA TRIPP VICTOR
PETER B. RUSTIN

By: /s/ Paula Tripp Victor
Attorneys for Defendant Pepperdine University

Dated: February 15, 2017     THOMAS KNUDSEN

By: /s/ Thomas Knudsen
Attorneys for Defendant Pepperdine University

Dated: February 15, 2017     MARC GOODMAN

By: /s/ Marc Goodman
Attorneys for Defendant Pepperdine University

| | | |
|---|---|---|
| Dated: February 9, 2017 | | KI'JHANA FRIDAY |
| | By: | /s/ Ki'jhana Friday |
| | | Attorneys for Defendant Pepperdine University |
| Dated: February 9, 2017 | | NANCY CHASE |
| | By: | /s/ Nancy Chase |
| | | Office of House Counsel for Defendant Pepperdine University |
| Dated: February 9, 2017 | | CARLY LANTRIP |
| | By: | /s/ Carly Lantrip |
| | | Office Counsel for Defendant Pepperdine University |
| Dated: February 7, 2017 | | HALEY VIDECKIS |
| | By: | /s/ Haley Videckis |
| | | Plaintiff |
| Dated: February 7, 2017 | | LAYANA WHITE |
| | By: | /s/ Layana White |
| | | Plaintiff |

**IT SO ORDERED AS MODIFIED:**

**Dated:  March 21, 2017**          _____/s/_____

**Honorable Jacqueline Chooljian**
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on March 21, 2017 in the case of *Videckis, et al. v. Pepperdine University*, Case No. 2:15-CV-00298-DDP (JCx). I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Signature: _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2079-1002 / 562020.3

STIPULATED PROTECTIVE ORDER

Case No. 2:15-CV-00298-DDP (JCx)