# O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| HALEY VIDECKIS and LAYANA WHITE, | ) Case No. 15-cv-00298 DDP (JCx) |
|---|---|
| Plaintiffs, | ) |
| v. | ) **ORDER RE: COSTS** |
| PEPPERDINE UNIVERSITY, a corporation doing business in California, | ) |
| Defendant. | ) |

The court adopts the following order regarding the division of costs between the parties in this matter.

**I. BACKGROUND**

Plaintiffs Hailey Videckis and Layana White are former student-athletes on Defendant Pepperdine University's women's basketball team. (Dkt. 41). Plaintiffs' suit arises from allegedly discriminatory actions that Pepperdine and its employees engaged in as a result of Plaintiffs' dating relationship while they were teammates. (Dkt. 41). As

relevant here, Plaintiffs alleged that Pepperdine and its employees harassed and discriminated against them on the basis of their lesbian relationship in order to force them to quit the women's basketball team. (Dkt. 41).

On the basis of these allegations, Plaintiffs brought suit against Pepperdine University. Plaintiffs' Third Amended Complaint (TAC) raises seven causes of action, including: (1) violation of the right of privacy under the California Constitution; (2) violation of California Educational Code §§ 220, 66251, and 66270; (3) violation of Title IX—deliberate indifference; (4) violation of Title IX—intentional discrimination; (5) violation of Title IX—retaliation for complaints against discrimination; (6) violation of the Unruh Act, California Civil Code §§ 51 et seq.; and (7) intentional infliction of emotional distress. (Dkt. 31).

Pepperdine moved to dismiss Plaintiffs' causes of action under Title IX, 20 U.S.C. § 1681(a), claiming that the statute, which prohibits discrimination "on the basis of sex" does not cover claims of discrimination on the basis of sexual orientation. (Dkt. 33). The court denied Pepperdine's motion to dismiss, holding that "claims of discrimination based on sexual orientation are covered by [Title] IX, but not as a category of independent claims separate from sex and gender stereotype. Rather, claims of sexual orientation discrimination are gender stereotype or sex discrimination claims." *Videckis v. Pepperdine Univ.*, 150 F.Supp.3d 1151, 1159 (C.D. Cal. 2015). The court further reasoned that Plaintiffs had stated claims for Title IX discrimination on the basis of gender stereotypes, and on the basis of sex. *Id*. at 1161.

Subsequently, the parties argued the case before a jury. After a seventeen-day jury trial, the jury rendered a judgment in favor of Defendant on all counts. (Dkt. 246, 248).

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican–American Educ. v. State of Cal*., 231 F.3d 572, 591 (9th Cir.2000) (en banc). Appropriate reasons for denying costs include, but are not limited to,

2

"1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016).

**III. DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 54(d)(1), a district court may decline to award costs to a prevailing party. In determining whether to exercise its discretion to deny costs, a court may look to the following factors: "1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Draper v. Rosario*, 836 F.3d at 1087.

As pertinent to this case, the Ninth Circuit has ruled that "divesting district courts of discretion to limit or to refuse such overwhelming costs in important, close, but ultimately unsuccessful civil rights cases like this one might have the regrettable effect of discouraging potential plaintiffs from bringing such cases at all." *Ass'n of Mexican-American Educ.*, 231 F.3d at 591.

This is precisely such a case. First, this matter raises issues of substantial public import. In its Order denying Defendants' motion to dismiss, the court ruled on the important and unsettled legal issue of whether Title IX applies to sexual orientation discrimination. *Videckis*, 150 F.Supp.3d at 1159. Ultimately, the court decided in favor of Plaintiffs, and concluded that Title IX does encompass claims of sexual orientation discrimination, as these may be properly conceived as "gender stereotype or sex discrimination claims." *Id*.

For similar reasons, the court finds that the legal and factual issues in the case were close and difficult. The legal claims that Plaintiffs' brought under Title IX were relatively novel and unsettled in this circuit, and the factual issues raised in the seventeen-day trial in this matter were numerous and complex.

Furthermore, the court finds that denying costs in this case would have a chilling effect on future similar civil rights actions. In *Stanley v. University of Southern California*, a former women's basketball coach sued the University of Southern California for sex discrimination. 718 F.3d 1069, 1080 (9th Cir. 1999). In that case, the Ninth Circuit ruled that a district court abused its discretion in denying the losing plaintiff's motion to re-tax costs without considering the plaintiff's limited financial resources and "the chilling effect of imposing such high costs on future civil rights litigants." *Id*.

Finally, as to the economic disparity between the parties, the court finds that this factor also tips in favor of denying costs. The financial resources of Defendant vastly outweigh those of Plaintiffs, who were college athletes when the events behind the lawsuit transpired. Moreover, given the length of the litigation, which spanned nearly three years, and complexity of the issues at stake, the costs incurred by Defendants are likely to be substantial.

Considered together, these factors each weigh in favor of denying an award of costs to Pepperdine University, the prevailing party.

**IV. CONCLUSION**

For the reasons stated above, the court orders that each party bear its own costs.

**IT IS SO ORDERED.**

Dated: September 11, 2017

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE