O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALEY VIDECKIS and LAYANA WHITE, <br><br> Plaintiffs, <br><br> v. <br><br> PEPPERDINE UNIVERSITY, a corporation doing business in California, <br><br> Defendant. | Case No. 15-cv-00298 DDP (JCx) <br><br> **ORDER DENYING DEFENDANT'S MOTION TO AMEND JUDGMENT OR IN THE ALTERNATIVE RECONSIDER ORDER** <br><br> [Dkts. 254, 255, 257, 258] |

Presently before the court is Defendant's Motion to Amend Judgment or, in the Alternative, Reconsider its Order Re: Costs. Having considered the parties' submissions, the court adopts the following Order.

**I. BACKGROUND**

Plaintiffs Haley Videckis and Layana White are former student-athletes on Defendant Pepperdine University's women's basketball team. (Dkt. 41). Plaintiffs' suit arises from allegedly discriminatory actions that Pepperdine and its employees engaged

in as a result of Plaintiffs' dating relationship while they were teammates. (Dkt. 41). As relevant here, Plaintiffs alleged that Pepperdine and its employees harassed and discriminated against them on the basis of their lesbian relationship in order to force them to quit the women's basketball team. (Dkt. 41).

On the basis of these allegations, Plaintiffs brought suit against Pepperdine University. Plaintiffs' Third Amended Complaint (TAC) raises seven causes of action, including: (1) violation of the right of privacy under the California Constitution; (2) violation of California Educational Code §§ 220, 66251, and 66270; (3) violation of Title IX—deliberate indifference; (4) violation of Title IX—intentional discrimination; (5) violation of Title IX—retaliation for complaints against discrimination; (6) violation of the Unruh Act, California Civil Code §§ 51 et seq.; and (7) intentional infliction of emotional distress. (Dkt. 31).

Pepperdine moved to dismiss Plaintiffs' causes of action under Title IX, 20 U.S.C. § 1681(a), claiming that the statute, which prohibits discrimination "on the basis of sex" does not cover claims of discrimination on the basis of sexual orientation. (Dkt. 33). The court denied Pepperdine's motion to dismiss, holding that "claims of discrimination based on sexual orientation are covered by [Title] IX, but not as a category of independent claims separate from sex and gender stereotype. Rather, claims of sexual orientation discrimination are gender stereotype or sex discrimination claims." *Videckis v. Pepperdine Univ.*, 150 F.Supp.3d 1151, 1159 (C.D. Cal. 2015). The court further reasoned that Plaintiffs had stated claims for Title IX discrimination on the basis of gender stereotypes, and on the basis of sex. *Id*. at 1161.

Subsequently, the parties argued the case before a jury. After a seventeen-day jury trial, the jury rendered a judgment in favor of Defendant on all counts. (Dkt. 246, 248). The court ordered that each party bear its own costs (Dkt. 252). Defendant moves to amend the judgment, pursuant to Rule 59(e) or, in the alternative, for reconsideration of the Order, Dkt. 252.

2

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a party may move to amend or alter a judgment. "[T]he district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir.1999) (en banc) (per curiam) (internal quotation marks omitted). Amending a judgment after entry remains "an extraordinary remedy which should be used sparingly." *Id*.

Central District of California Local Rule 7-18 governs motions for reconsideration. Such motions may be made only on the grounds of: "(a) a material difference in fact or law from that presented to the Court . . . that . . . could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." C.D. Cal. L.R. 7-18. A motion for reconsideration may not, "in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id.*

## III. DISCUSSION

In the present motion, Defendant Pepperdine University ("Pepperdine") moves the court to amend the judgment and reconsider its prior Order denying costs, Dkt. 252. Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican–American Educ. v. State of Cal.*, 231 F.3d 572, 591 (9th Cir.2000) (en banc). Appropriate reasons for denying costs may include, but are not limited to, "1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016). In its prior Order, the court concluded that these factors weighed against awarding costs to Pepperdine as the prevailing party. (Dkt. 252).

Pepperdine asserts that "none of the five bases" apply. (Def.'s Mot. at 4).

First, Pepperdine claims that the case did not raise issues of substantial public importance. Even though Plaintiffs did not ultimately prevail at trial, their case raised the important and unsettled legal question of whether Title IX applies to sexual orientation discrimination. *See Videckis*, 150 F.Supp.3d at 1159. Pepperdine does not contest the public importance of this issue, but instead alleges that "Plaintiffs asserted something that just was not true." (*Id*. at 4). The court declines to assess the public importance of the case solely through the lens of the jury verdict. *See Escriba v. Foster Poultry Farms*, No. 1:09 –CV–1878 LJO MJS, 2012 WL 174847, at *5 (E.D. Cal. Jan. 20, 2012).

Next, Pepperdine claims that the issues in the case were not close or difficult because the jury spent four hours deliberating over the case. "However, the jury's ultimate rejection of Plaintiff[s'] claims does not undermine the legal and factual issues involved in the case." *Id.* The claims in this case were not frivolous, and they were vigorously litigated. As articulated in this court's prior Order, "the legal claims that Plaintiffs brought under Title IX were relatively novel and unsettled in this circuit, and the factual issues raised in the seventeen-day trial in this matter were numerous and complex." [1] (Dkt. 252, at 3).

Pepperdine also claims that "there is no evidence that Plaintiffs lack financial resources." Even if that were true, the court's prior Order relied upon the relative disparity in financial resources between the parties. (Dkt. 252, at 4). There is no evidence that Plaintiffs' financial resources as students would rival or outweigh Pepperdine's own. The court therefore concludes that this factor continues to weigh against an award of costs.

Pepperdine argues that an award of costs would not create a chilling effect. It claims that awarding costs in this case would "incentivize potential plaintiffs to actually

---

[1] Pepperdine, in a concurrent motion for attorneys' fees, claims that "this issue was addressed over the years by a landslide of federal authority." (Dkt. 256, at 4.) Pepperdine cites to ten cases. However, none of the ten cases cited are within this circuit, and only a handful purport to address sexual orientation discrimination under Title IX.

4

make their claims prior to litigation so that the claims can be resolved promptly and to their benefit." (Def.'s Mot. at 5). Yet that argument assumes, *inter alia*, that Plaintiffs did not raise their concerns internally, that Plaintiffs could expect their concerns to be favorably and promptly "resolved," and that Plaintiffs did not fear retaliation. Instead, the court finds that awarding costs would discourage a prospective civil rights plaintiff, especially a student, from vindicating their rights under Title IX. "Title IX litigation will frequently be brought by students, who . . . must often finance education with a significant amount of student loans. Risking the imposition of thousands of dollars in costs in addition to these loans in order to vindicate rights they are guaranteed as students would likely deter potential litigants . . . ." *Mansourian v. Bd. of Regents of Univ. of California at Davis*, 566 F. Supp. 2d 1168, 1171 (E.D. Cal. 2008).

Considered together, these factors counsel in favor of denying costs. Plaintiffs, in their opposition, additionally argue that Pepperdine should be subject to sanctions for challenging the court's Order Re: Costs. The courts declines to impose sanctions.

**IV. CONCLUSION**

For the reasons stated above, the court DENIES Pepperdine's Motion to Amend Judgment or, in the Alternative, Reconsider its Order Re: Costs.

**IT IS SO ORDERED.**

Dated: October 23, 2017

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

5